Opinion delivered June 9, 1888.

## No. 5861.

## LOU KEMP *v.* THE STATE.

1. AGGRAVATED ASSAULT AND BATTERY — INFORMATION. — An assault
committed by an adult male person upon a female is *per se* an aggra-
vated assault. Upon the doctrine of principal offenders, a female who acts
together with such adult male in the commission of an act upon a
female, is guilty of aggravated assault, and may be so charged. See the
opinion on the question.
2. SAME — FACT CASE. — But proof which fails to show that the male was an
adult male, and which shows that the acts of the male person were inde-
pendent of the acts of the accused female, and were neither aided nor
encouraged by her, will not support a conviction for aggravated assault
against the accused female, the ground of aggravation charged being
that she acted together with the adult male. Moreover, the accused
pleaded and proved her former conviction for simple assault upon the
same acts charged in the case, and her special plea of former conviction
should, under the proof, have been sustained.

APPEAL from the County Court of Robertson. Tried below
before the Hon. C. S. Brigance, County Judge.

The information jointly charged the appellant and Phil Davis
(an adult male), Sinday McIntosh (or McIntyre), Sarah Lowe
and Emma Massengil, with an aggravated assault and battery
upon one Susan Garrett. The appellant being alone upon trial,
was convicted, and her punishment was assessed at a fine of
twenty-five dollars.

Susan Garrett testified, for the State, that, on the twenty-
eighth day of March, 1887 (the day alleged in the information),
she went to Doctor Miles's hospital for a treatment she was
then undergoing at the hands of Doctor Miles. About the time
that she took her seat in the hospital, Doctor Miles approached

her and asked why she had been carrying his medicines to the white people. He then accused witness of wearing a "conjure" in her bosom, and ordered her into the small room of the house. Witness went into the little room, protesting that she had no "conjure." This was witness's first visit to Miles's hospital for several days, having grown so weak that she had to suspend undergoing his treatment. When witness got into the little room, Miles said that she was a "conjurer," and ordered the defendant and Sinday McIntyre, and other women present, to take hold of witness. Defendant and Sinday seized the witness by the arms, and some other woman seized her by the legs. The women tore open the bosom of witness's dress, whence Miles took some medicine he had prepared and given the witness to take, and some cockle burr leaves and other little things she had to take for "snake bite." Miles then told the women to take the witness's clothes off. Phil Davis came into the room while witness was being stripped. She fought them all as best she could while she was being stripped. Finally she bit Phil Davis, and he struck her on the breast with his fist. Defendant was present and had hold of witness when Phil Davis struck her with his fist. Presently, witness heard Matt Castleberry say: "Don't hit her with that hatchet!" She turned her head and saw that Phil Davis had a hatchet in his hand. She did not know whether defendant was then present or not. After the witness was stripped, Doctor Miles came into the room with a double grape vine which he handed to Sinday McIntyre, and told her to whip witness. Sinday struck witness with the grape vine two blows on the bare back, and Miles struck her three blows. Witness did not see defendant at that time. Witness got loose and started off utterly nude, when Miles called to her that she would be arrested if she went naked into the street. Witness then put on her clothes, and as she reached the door to leave the house, the man Miles kicked her out. Witness was a female, and before she became so old was a woman. Witness did not know the sex of Phil Davis. He wore clothes like a man, but hair like a woman. Defendant was or ought to be a woman.

G. N. Bennett testified, for the State, that he was standing on the outside of Miles's hospital, looking in at the window, at the time of the assault upon Susan Garrett, and saw all that occurred. The defendant had hold of Susan, but did not strike her, so far as the witness saw. Witness called to Miles, who was a man, and to defendant, who was a female, and to the other

women, that they ought not to treat that old woman in the manner they were doing. Phil Davis was a male person.

The State closed.

Ellen Jefferson testified, for the defense, that she was standing outside of Miles's hospital at the time of the alleged assault. As soon as Miles went into the house with the grape vine, defendant came hurriedly out and remarked to witness: "It is getting pretty hot in there." She did not go back into the hospital again.

George Burck, mayor of Calvert, testified, for the defense, that the defendant, on a complaint filed by Susan Garrett, charging her with simple assault, and upon the identical evidence adduced upon this trial, was convicted in his court of simple assault. The transactions in the two cases were identical.

*John E. Crawford,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

Willson, Judge. This conviction is for an aggravated assault and battery, under an information which charges as follows: "That Phil Davis, Sinday McIntosh (or McIntyre), Lou Kemp, Sarah Lowe and Emma Massengil, late of the county of Robertson, on the twenty-eighth day of March, A. D. one thousand eight hundred and eighty-seven, with force and arms, in the county of Robertson, and State of Texas, then and there acting together, in and upon the person of Susan Garrett, did then and there commit an aggravated assault and battery, by then and there striking and beating said Susan Garrett with their hands and fists, and by then and there pulling and tearing the clothes off of the person of said Susan Garrett with intent to injure her, the said Phil Davis then and there being an adult male person, and the said Susan Garrett then and there being a female person," etc.

Defendant made a motion in arrest of judgment, one of the grounds of which is as follows: "Because the affidavit and information are insufficient to charge this defendant, Lou Kemp, with any higher grade of offense than a simple assault and battery, because said affidavit and information do not charge any circumstance or means of aggravation against this defendant, as mentioned and defined in article 496 of the Penal Code." Said motion was overruled, and counsel for the defendant has ingeni-

ously and ably presented this ground of objection before this court, insisting that the mere fact that a woman joins an adult male person in the commission of an assault upon a female does not render the woman joining in its commission guilty of an aggravated assault; that she would only be guilty of a simple assault, while the adult male would be guilty of an aggravated assault. When considered with reference to the sufficiency of the information, we do not agree to the proposition stated.

All who are present and participating in an assault are principals, and a blow by one is a blow by each and all of them. It is alleged in the information that the defendants acted together in the commission of an aggravated assault upon the woman, one of said defendants being an adult male person. If under any state of facts the acting together with the adult male in the commission of the assault would make the woman guilty of an aggravated assault, then the information is sufficient, and the question as to her guilt of aggravated assault becomes one of proof and not of pleading. Now, suppose the defendant, knowing that Phil Davis was an adult male person, combined and confederated with him to make an assault upon the injured woman, and in pursuance of such conspiracy they together made the assault, or Phil Davis made the assault in fact, and the defendant was present instigating, encouraging or in any way aiding him in the commission of such assault, would she not be equally guilty with Phil Davis? We think she would, and such was the view entertained by this court in the somewhat similar case of Dunman v. The State, 1 Texas Court of Appeals, 593. So we think if a woman, however feeble she might be, should act together with a person of robust health and strength in the commission of an assault upon one who is aged or decrepit, she might be guilty of an aggravated assault, although the assault was in fact committed by her co-wrong doer. So, if one in disguise should commit an assault and another not in disguise should act together with the disguised person in committing the offense, knowing of such disguise, both would be guilty of an aggravated assault. We hold, therefore, that the information charges an aggravated assault and battery against the defendant Lou Kemp, and that the motion in arrest was properly overruled.

We are of the opinion, however, that the evidence does not sustain the conviction of aggravated assault and battery. In the first place, it was not proved that Phil Davis was, at the time

of the alleged assault, an *adult* male person. It was proved that he was a male person, but there is not a particle of evidence in the record before us that he was an *adult* male. His age was not shown by either direct or circumstantial evidence. Secondly, the facts do not show that the defendant *acted together* with Phil Davis in the commission of the alleged assault. Phil Davis interfered in the melee of his own accord, without being invited to do so by the defendant, and, so far as his acts are concerned, they seem to have been in no way encouraged, agreed to or participated in by the defendant. A woman is in the act of committing a simple assault and battery upon another female; an adult male person, without solicitation upon the part of the assaulting woman—without, perhaps, her knowledge—intrudes himself into the difficulty and joins in the assault. In such case the assaulting woman certainly can not be held answerable for the acts of the adult male, in which she does not concur. Her liability as principal in such case is determined, not by the acts and intent of the adult male, but by her own act and intent. (Guffee v. The State, 8 Texas Ct. App., 187.)

In this case the evidence, at most, shows that the defendant was guilty of a simple assault and battery, and was not responsible for the acts of Phil Davis. Such being the case, the defendant's plea of former conviction for such simple assault and battery was sustained by the evidence and should have prevailed, and the defendant should have been acquitted. Without noticing other matters assigned as error, the judgment is reversed and the cause is remanded, because the conviction is contrary to the evidence and the law.

*Reversed and remanded.*