## No. 6357.

## CARL HENKEL *v.* THE STATE.

1. PRACTICE—FORMER ACQUITTAL OR CONVICTION.—The Code of Procedure, article 553, provides that a former acquittal or conviction in a court of competent jurisdiction bars a further prosecution for the same offense, "but shall not bar a prosecution for any higher grade of offense, over which the said court had not jurisdiction, unless such trial and judgment were had upon indictment or information, in which case the prosecution shall be barred for all grades of the offense." This was a prosecution by information in the county court for aggravated assault. The appellant pleaded in bar his former conviction in the justice's court, which appears to have been a prosecution and conviction under a complaint, and not by information, for simple assault. *Held*, that the plea was properly stricken out.

2. AGGRAVATED ASSAULT—EVIDENCE.—The aggravation alleged in the information was that the accused is an adult male and the injured party a female, and such allegation imposed upon the State the onus of proving that the accused was an *adult* male—a male person who had attained the full age of twenty-one years. But in a case of this character the proof need not show *in ipsissimis verbis* that the defendant was an adult. *Sufficient* that he is proved to have been a "man" and a "railroad hand," and that it was not controverted that he was an adult.

3. SAME.—CHARGE OF THE COURT instructed the jury as follows: "The intended injury may be bodily pain, constraint, a sense of shame or other disagreeable emotion of the mind. The handling of a woman without her consent, in order to have undue familiarities with her may produce such emotions without inflicting bodily pain or injury." *Held*, correct.

APPEAL from the County Court of Caldwell. Tried below before the Hon. Leo Rogan, County Judge.

The conviction in this case was for an aggravated assault upon one Johanna Earnst, a married woman. The penalty assessed against the appellant was a fine of five hundred dollars and confinement in the county jail for one year.

The proof shows that at the time of the assault, the defendant was the guest of J. H. Earnst. On the night of the assault the defendant and Earnst, occupying separate pallets, slept on the gallery and Mrs. Earnst in the house. About midnight, while Ernest was asleep, defendant went into Mrs. Earnst's room, where she was sleeping on the bed, placed his hand on her shoulder, his cheek to her face, and called her "Mama," the endearing name by which she was familiarly addressed by her husband. Mrs. Earnst straightened up in bed and exclaimed, "What do you want?" when defendant rapidly retired. When charged, on the same night, with having invaded the privacy of Mrs. Earnst's room, the defendant did not deny it.

*J. F. Cahill*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant was tried on a complaint in a justice's court charging him with an assault upon the same party and on the same occasion as is charged in the information in this case. On that trial he pleaded guilty to an assault and was fined by the justice in the sum of five dollars. He pleaded this former conviction in bar to the prosecution in this case. His plea was stricken out on motion of the prosecuting attorney, and this action of the court is one of the errors complained of. Evidently the defendant was tried and convicted in the justice's court and punished for a simple assault. His trial was not for an aggravated assault, and moreover, it was had upon a complaint and not upon an information or indictment. His prosecution herein was by information and for an aggravated assault, the charge in the information being an assault by an adult male upon a female. Such being the character of the two prosecutions, the former conviction was not a bar to the latter prosecution, which was for a higher grade of offense, and because the former conviction was not the result of a prosecution by indictment or information. (Code Crim. Proc., art. 553; Allen v. The State, 7 Texas Ct. App., 298; Achterberg v.

The State, 8 Texas Ct. App., 463; Grisham v. The State, 19. Texas Ct. App., 504; White v. The State, 9 Texas Ct. App., 390.)    There was no error in striking out said plea.

As stated above, the information in this case charged an aggravated assault by an adult male upon a female, and in order to warrant a conviction the prosecution was bound to prove the allegation as laid,—that is, that the defendant was an *adult* male.    "Adult" means a person who has attained the full age of twenty-one years." (George v. The State, 11 Texas Ct. App., 95; Schenault v. The State, 10 Texas Ct. App., 410.) There is no direct positive proof in the statement of facts to the effect that defendant was and is an *adult* male, but we find that he is spoken of as a "man" and "a railroad hand," and there was no question made at the trial below as to this fact.    On the contrary, the defendant appears to have been recognized by all the parties at the trial, and by the court, as an adult.    The rule seems to be now well settled upon this subject that, where there is no question or controversy as to this matter raised or availed of in the court below nor suggested by the facts in evidence, the case will not be reversed for want of specific proof of the fact. (Tracy v. The State, 44 Texas, 9; Veal v. The State, 8 Texas Ct. App., 477; Gaston v. The State, 11 Texas Ct. App., 143; Andrews v. The State, 13 Texas Ct. App., 343; Hall v. The State, 16 Texas Ct. App., 6.)

That paragraph of the charge of the court to which defendant specially excepted is fully sustained by repeated decisions of the courts of this State.    (Pfefferling v. The State, 40 Texas, 486; Thompson v. State, 43 Texas, 583; Curry v. The State, 4 Texas Ct. App., 574; Ridout v. The State, 6 Texas Ct. App., 249; Atkins v. The State, 11 Texas Ct. App., 8; George v. The State, Id., 95; Sanford v. The State, 12 Texas Ct. App., 196; Willson's Crim. Stats., sec. 841.)

We have found no material error in the record as submitted to us in this case, and the judgment is therefore affirmed.

*Affirmed.*