## WALKER SMITH v. THE STATE.

No. 3821. Decided October 16, 1907.

**1.—Aggravated Assault—Verdict—Bad Grammar—Words and Phrases.**

The use of the word "juror" instead of the word "jury" will not vitiate the verdict in the light of the record.

**2.—Same—Filing of Information—Different Dates.**

Where the information showed that it was presented in the county court, a misstatement of the term would not vitiate the information.

**3.—Same—Charge of Court—Information.**

Where upon trial for aggravated assault, the charge of the court submitted a manner of assault which was not charged in the information, the same was reversible error.

**4.—Same—Female—Adult Male—Gender.**

Where the information charged the defendant, an adult male, with an assault upon a female, the evidence must support the charge, and the fact that defendant is an adult male cannot be inferred.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. C. D. Mims.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

No brief for appellant on file.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of aggravated assault, and his punishment assessed at a fine of $25.

The first ground of complaint in the motion for a new trial is that the verdict reads as follows: "We the juror find the defendant guilty and assess his punishment at a fine of $25 (Twenty-five dollars). J. M. Brown, Foreman." Appellant insists that the word "juror" being used instead of the word "jury" thereby shows on its face only one man of the jury rendered the verdict. Bad spelling and bad grammar will not vitiate a verdict, but we will look to the clear import of the words to ascertain the meaning of same. In so doing, in the light of this record, we hold the verdict is sufficient.

The second complaint in the motion for a new trial is that the information filed herein against him (appellant) is presented by the county attorney to the January term of the county court, when in fact the same was not filed until the 5th day of February, 1907. The information shows it was presented in the county court. A mis-statement of the term would not vitiate the information.

Appellant's third insistence is the court erred in the latter portion of paragraph 3 of his charge in giving the following: "But the use of any dangerous weapon, or the semblance thereof, in an angry or threatening manner with intent to alarm another, and under circumstances calculated to affect that object, comes within the meaning of an assault." Appellant insists that same is erroneous for the reason that no such ground for an assault is charged in the information, and, therefore, submitted to the jury a manner of assault which they could consider and upon which they could convict the defendant that was not charged in the complaint and information. This charge is erroneous. The charge should be applicable to the facts alleged in the information.

Appellant further insists that the evidence does not show that the injured party was a female, or that appellant was an adult male. We are warranted in indulging in conjectures from the use of the masculine gender, in speaking of appellant, and the feminine gender, in speaking of the prosecuting witness, and from that fact alone we might infer that appellant was a male and prosecutrix was a female, but this court cannot indulge in the presumption that defendant is an adult male.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.