Eddie Bennett v. The State.

No. 4007.   Decided March 29, 1916.

Rehearing denied April 19, 1916.

1.—Aggravated Assault—Simple Assault.

Where the information alleged that defendant was an adult male and committed an assault on a child, yet the evidence did not·show that he was an adult male, he could not be convicted of aggravated assault, but could nevertheless be convicted of simple assault and there was no error in refusing a peremptory charge to acquit.

2.—Same—Misdemeanor—Practice on Appeal.

This being a misdemeanor, there are no other questions presented in the motion for a new trial which can be considered by this court, and the judgment must be affirmed.   Following Basquez v. State, 56 Texas Crim. Rep., 329.

3.—Same—Adult Male—Aggravated Assault—Simple Assault.

Where defendant was charged as an adult male assaulting a child, and the evidence only showed that he was an adult, he could not be convicted of an aggravated assault, but there was no error of convicting him of simple assault which was necessarily included.   Following Baker v. State, 4 Texas Crim. App., 223, and other cases.

4.—Same—Rule Stated—Grade of Offense.

Where there is evidence of a higher grade of offense a conviction will not be disturbed for the inferior degree, although there was no testimony showing the inferior degree.   Following Pickett v. State, 63 S. W. Rep., 325, and other cases.

Appeal from the County Court of Newton.   Tried below before the Hon. W. E. Gray.

Appeal from a conviction of simple assault; penalty, a fine of $25.

The opinion states the case.

*Wightman & Hancock*, for appellant.—Cited Brown v. State, 66 S. W. Rep., 548; Doolan v. State, 14 Texas Crim. App., 61; Davis v. State, 42 S. W. Rep., 290.

*C. C. McDonald*, Assistant Attorney General, for the State.—On question of adult male:   Schenault v. State, 10 Texas Crim. App., 410; George v. State, 11 id., 95; Hall v. State, 16 id., 6.

HARPER, Judge.—The complaint charged appellant with making an aggravated assault on Viola Scott, alleging that appellant was an adult male and the said Viola Scott a child.

The facts show that appellant is a teacher, and that he severely whipped Viola Scott, she being one of his scholars.

The contention is made that the court erred in submitting simple assault, and that the verdict of the jury finding him guilty of simple assault can not be sustained, in that appellant is an adult male person, and the law makes an assault by a male person on a child an aggravated assault.   While the information alleges appellant to be an adult, yet there is no evidence in the record that he is an adult, and it has

been frequently held by this court, that where the evidence fails to show that the accused is an adult, a judgment of conviction for aggravated assault can not be sustained. Hartsell v. State, 55 Texas Crim. Rep., 389; Smith v. State, 51 Texas Crim. Rep., 645; Robinson v. State, 25 Texas Crim. App., 111; Andrews v. State, 13 Texas Crim. App., 343; Davis v. State, 76 S. W. Rep., 466; Ellers v. State, 55 S. W. Rep., 813; Kemp v. State, 8 S. W. Rep., 804. So, instead of the evidence not authorizing the verdict of the jury, if the jury had found appellant guilty of aggravated assault, it could not have been sustained, as there is no evidence in the record to show that he is an adult.

The only bill of exceptions in the record complains that the court erred in not giving the special charge instructing the jury to return a verdict of not guilty. The evidence, while conflicting, from the State's standpoint, amply supports the verdict, and the court did not err in refusing to instruct a verdict of acquittal.

This being a misdemeanor, there are no other questions presented in the motion for a new trial we can consider. Basquez v. State, 56 Texas Crim. Rep., 329.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

April 19, 1916.

HARPER, JUDGE.—Appellant has filed a motion for rehearing in which he earnestly insists that the court was in error in stating there was no evidence that appellant was an adult male person. As he contends, there is ample evidence that he was a male person, but the evidence must go further and show that he was an adult male; that is, a person more than twenty-one years of age, before he can be convicted of an aggravated assault under the allegations of this information. Concede that there is evidence which would authorize the jury to find that he was an adult, appellant sitting quietly by and permitting the court to submit both aggravated assault and simple assault, making no objection thereto, can he after conviction raise the question that he, under the charge of the court, should not have been convicted of simple assault but of aggravated assault, if guilty at all? We do not think so. In every indictment or information charging aggravated assault, simple assault is necessarily included. In this case if the proof failed to show that appellant was an adult male, yet did show beyond a reasonable doubt that he made an assault on the person named, he could and should be convicted of a simple assault. The contention that appellant makes has often been before this court, and has always been decided adversely to his contention. If a person is charged with an offense, and the court in his charge authorizes a conviction for a less grade of that offense, and the jury convicts of the lesser grade, he will not be heard to complain that he should, under the evidence, have been convicted of a graver grade of the offense charged. This was early decided in this

court. In the case of Baker v. State, 4 Texas Crim. App., 223, this court said: "We know of no authority which would suggest the idea that one charged of a higher grade of an offense, which includes different degrees, has been permitted to set aside a conviction on the ground that he has been convicted of a lesser degree of the offense than that charged in the indictment; or when convicted of murder in the second degree, he has been heard to successfully complain that the testimony would have supported the higher offense of murder in the first degree." And in Powell v. State, 5 Texas Crim. App., 234, the court held, as stated in the syllabus: "A conviction will not be set aside because the court below gave to the accused the benefit of a charge on a less degree of offense than the jury would have been warranted in convicting him of; nor because the jury, in view of the mitigating circumstances, were unwilling to convict of the greater offense." Many cases could be cited, but the rule is so tersely stated by Judges Davidson and Henderson in their opinions in the case of Pickett v. State, 63 S. W. Rep., 325, we do not deem it necessary to cite other authorities. Judge Davidson says: "Other cases are numerous to the effect that, where there is evidence of a higher grade of offense, a conviction will not be disturbed for the inferior degree, though there was no testimony showing the inferior degree." Judge Henderson says: "This doctrine is too well settled by our decisions to be controverted." If it was a different offense, and not a degree of the same offense, the authorities cited by appellant might be applicable.

The motion for rehearing is overruled.

*Overruled.*