## ED. AHLGREN v. THE STATE.

### No. 6659.   Decided March 15, 1922.

**1.—Aggravated Assault—Adult Male—Sufficiency of the Evidence.**

Where, upon trial of aggravated assault by an adult male upon a child, defendant was repeatedly referred to in the evidence as a man, and in his own testimony said that he had lived in the County of the prosecution for twenty-four years, it was not necessary that there was an absolute statement by some witness that defendant was an adult male.

**2.—Same—Evidence—Bill of Exceptions—Practice on Appeal.**

Where the bill of exceptions failed to show what the witness would have testified to, and presents the matter only in such a way that defendant attempted to prove these things, and does not say that he could have proved them if permitted, the same is entirely defective and cannot be considered on appeal.

**3.—Same—Sufficiency of the Evidence—Aggravated Assault.**

Where upon trial of aggravated assault the evidence, although conflicting, was sufficient to sustain the conviction, there is no reversible error.

Appeal from the County Court of Williamson.   Tried   below before the Honorable F. D. Love.

Appeal from a conviction of aggravated assault; penalty, a fine of $30.

The opinion states the case.

*W. C. Wofford,* for appellant.—On question of adult:   White v. State, 151 S. W. Rep., 826; Hartsell v. State, 116 id., 1159.

*R. G. Storey,* Assistant Attorney General, and *Dan Moody,* County Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for aggravated assault with punishment assessed at a fine of thirty dollars.

The assault is alleged to have been made upon one Robert Kendricks, a child, appellant being an adult male.   Robert Kendricks and his family lived on appellant's place and were making preparations to leave.   Robert claims that appellant asked him for the key to the house in which they had been living and denies that he had it and says that appellant kicked him several times and struck him with a stick across the back.   Robert at this time was only nine years of age.   Appellant, on the other hand, claims that when he asked the boy for the key he denied having it, but that he (appellant) saw the key in the boy's hand, and that the boy threw it out in the oat patch, whereupon appellant says he caught the boy by the wrist and carried him out in the oat patch and made him look for the key.   He denies having made any assault upon him other than as indicated by his

testimony. John Kendricks, the father of the boy testified, describing the bruises and wounds upon the boy's body, and that he was very stiff and sore for several days after the alleged assault. The father did not see the assault and testified as to the condition of the boy afterwards.

It is insisted in the motion for new trial that the evidence fails to show that appellant was an adult male. We are unable to agree to this contention on the part of appellant. He is repeatedly referred to as a man, and in his own testimony appellant says he had lived in Williamson County for twenty-four years. It is not necessary that there be an absolute statement by some witness that appellant was an adult male.

Only one bill of exception appears in the record. After the father of prosecuting witness had testified for the State the bill recites that on "cross-examination defendant *attempted* to prove by said witness that he had contracted with defendant to live on his place during the year; that defendant had provided for him and his family all winter; that he was indebted to defendant in a large sum, and was leaving his place in debt to him and that he was the one who filed the complaint and that he did so for no other reason than that he was mad at defendant."

The bill further recites that the foregoing testimony was offered for the purpose of showing malice on the part of the witness toward defendant. Objection on the part of the State that this testimony was irrelevant, inadmissible and had no bearing on the case was sustained by the court. An examination of the bill referred to discloses that nowhere in the bill is it shown that the father of the prosecuting witness would have sworn to the matters which the bill shows appellant was *attempting* to prove by him. The bill ought to have gone further and stated that appellant could have proven the things referred to or that the witness, if permitted to answer, would have given answers establishing the matters. In other words, the bill fails to show what the witness would have testified to, and presents the matter only in such a way that defendant *attempted* to prove these things and does not say that he could have proven them if permitted. The bill as found in the record is entirely insufficient. The testimony of the prosecuting witness and that of appellant present a controverted issue which the jury alone could solve and having settled it in favor of the State we would not be authorized to disturb the verdict, as the evidence is sufficient to support the finding of the jury if they believed the State's testimony.

Finding no reversible errors in the record, the judgment of the trial court is affirmed.

*Affirmed.*