FRANK GRAHAM v. THE STATE.

No. 14847. Delivered February 17, 1932.

The opinion states the case.

*Shropshire & Sanders* and *Newman & McCollum,* all of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment, a fine of $100.

It was alleged in the complaint and information, in substance, that appellant did then and there unlawfully in and upon Mrs. Alma Gallagher, make an aggravated assault and battery, the appellant being then and there an adult male person and the said Mrs. Alma Gallagher being then and there a *femle* person. Appellant made a motion to quash the complaint and information on the ground that it was not charged that the injured party was a female person, his position being that the misspelling of the word "female" vitiated the complaint and information. Bad spelling will not vitiate the complaint or information if the sense is not affected and the meaning cannot be mistaken. In Murphey v. State, 109 Texas Crim. Rep., 524, 5 S. W. (2d) 988, it was charged that the accused unlawfully transported liquors capable of producing *intoication.* It was held that the misspelling of the word "intoxication" did not require a reversal of the judgment, in as much as the sense was not affected and the meaning could not be mistaken.

The injured party, Alma Elizabeth Gallagher, testified that she went to the home of appellant at nine o'clock in the morning for the purpose of finding out his attitude toward her; that appellant was in bed and she sat on his bed and talked to him; that she asked appellant to take her to her house, which was situated in an addition to the town of Brady;

that appellant said he could not go as he was afraid his car would get stuck in the mud; that she left appellant's home, but returned about four o'clock in the afternoon; that appellant was not there; that she went back to appellant's house at 5:30 on the same afternoon; that appellant had not returned home, and she waited for him; that while she was waiting for appellant she smoked several cigarettes in the house; that after appellant returned she and appellant quarreled over a diamond she had let him have; that they were sitting on the front porch at this time; that after the quarrel appellant got up and went into the house and that she followed him; that appellant told her not to come into the house; that she opened the door and went in; that appellant caught her and slapped her four or five times and knocked her out of the door; that she threw up her arm to avoid falling and struck it on the door, cutting a gash above the elbow about three inches in length; that she had to have treatment in a hospital.

Appellant did not testify in his own behalf. He offered witnesses who were present in the house when the difficulty occurred. These witnesses testified that appellant told the injured party that he did not want her sitting on his porch smoking cigarettes, and, further, that he did not want her to come to his house, as it would cause people to talk. They testified further that appellant told the injured party to leave his house and not to come back. They said that the injured party forced her way into appellant's home and that appellant scuffled with her until they (the witnesses) interfered. It appears that appellant alone occupied the house, there being no women living there. Witnesses for appellant testified that they passed appellant's house on the afternoon of the difficulty and saw the injured party sitting on the porch smoking cigarettes.

The injured party testified that she thought appellant was an adult male person. Other than this statement by the injured party, there is nothing in the record that shows or tends to show that appellant was an adult. At the close of the testimony, appellant presented his motion for an instructed verdict on the ground that the evidence was insufficient, and in his motion for a new trial he pointedly called the court's attention to the fact that the state had failed to prove that he was an adult male person. It being alleged in the information and complaint that appellant was an adult male person and that the assault was made on a female person, it was incumbent upon the state to prove that appellant was an adult male. By adult is meant a person who has attained the full age of twenty-one years. Texas Jurisprudence, vol. 4, page 857; Ellers v. State (Texas Crim. App.), 55 S. W., 813; Galbraith v. State (Texas Crim. App.), 13 S. W., 607; Henkel v. State, 27 Texas App., 510, 11 S. W., 671. We are not authorized to indulge presumptions against appellant. We quote from Bennett v. State, 185 S. W., 14, as follows:

"While the information alleges appellant to be an adult, yet there is

no evidence in the record that he is an adult, and it has been frequently held by this court that where the evidence fails to show that the accused is an adult, a judgment of conviction for aggravated assault cannot be sustained. Hartsell v. State, 55 Texas Crim. Rep., 389, 116 S. W., 1159; Smith v. State, 51 Texas Crim. Rep., 645, 104 S. W., 899; Robinson v. State, 25 Texas App., 111, 7 S. W., 531; Andrews v. State, 13 Texas App., 343; Davis v. State (Texas Crim. App.), 76 S. W., 466; Ellers v. State (Texas Crim. App.), 55 S. W., 813; Kemp v. State, 25 Texas App., 589, 8 S. W., 804." See also White v. State, 68 Texas Crim. Rep., 147, 151 S. W., 826; Davis v. State (Texas Crim. App.), 76 S. W., 466, 467.

The injured party was permitted to testify, over appellant's objection, that a doctor in San Antonio told her that she barely escaped blood poison from the wound on her arm. Appellant's objection was that the testimony was hearsay. This objection should have been sustained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.