CLYDE PRIEST v. THE STATE.

No. 15011.   Delivered March 9, 1932.

The opinion states the case.

*F. A. Dale,* of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment, a fine of $25.

The information and complaint charged an aggravated assault by an adult male upon a female, and in order to warrant a conviction the prosecution was bound to prove the allegation as laid,—that is, that appellant was an adult male. By "adult" is meant a person who has attained the full age of twenty-one years. Texas Jurisprudence, vol. 4, p. 857; Ellers v. State (Texas Crim. App.), 55 S. W., 813; Galbraith v. State (Texas Crim. App.), 13 S. W., 607; Henkel v. State, 27 Texas App., 510, 11 S. W., 671. The injured party, Frankie Roach, in referring to appellant's age, said: "I don't know how old Clyde (appellant) is, but he is about twenty.' There are no circumstances in the record supporting the averment that appellant was an adult male. He was not referred to as "a man" in any part of the testimony. Whether he was working and engaged in work ordinarily done by adult persons was not shown. In short, there is no evidence in the record, direct or circumstantial, that appellant was an adult at the time of the alleged commission of the offense. Upon the conclusion of the evidence appellant asked for an instructed verdict. It has been frequently held by this court that where the information alleges the accused to be an adult, and the evidence fails to show that he was an adult, the judgment of conviction for aggravated assault cannot be sustained. Bennett v. State, 79 Texas Crim. Rep., 380, 185 S. W., 14, and authorities cited; White v. State, 68 Texas Crim. Rep., 147, 151 S. W., 826; Davis v. State (Texas Crim. App.), 76 S. W., 467. We are constrained to agree with the state's attorney before this court that the proof fails to support the allegation that appellant was an adult male.

The state's attorney before this court also expresses the opinion that the evidence is not sufficient to show that appellant made an assault upon the injured party. We agree with this conclusion. It appears to have been uncontroverted that appellant went to the home of the injured party for the purpose of taking her automobile riding. When they had driven down the street a short distance Joe Reece and Billy Aldridge got in the car with them. Finally, appellant and Aldridge left Reece and the injured party in the car alone. Reece and prosecutrix had a quarrel. During this controversy between the parties, appellant and Aldridge returned to the car and prosecutrix got into the back seat with appellant. Prosecutrix testified that appellant made Reece let her alone, and that appellant started to take her home; that he did not mistreat or abuse her in any manner on the occasion in question; that on the way home she and Aldridge quarreled and she called Aldridge a s— of a b—; that when

she used this language, Aldridge slapped her; that appellant came between them and forced Aldridge to leave her alone; that Aldridge alone assaulted her; that she and appellant were good friends. Testifying in his own behalf, appellant denied that he had in any manner assaulted prosecutrix. He said he interfered when Aldridge slapped her. He testified that he was still on good terms with prosecutrix, and had not discontinued his visits to her home. Aldridge testified that appellant had made no assault on prosecutrix, and that appellant interfered when he (Aldridge) slapped her. He testified, further, that he slapped prosecutrix because she called him a s— of a b—, and that he had paid a fine for the assault. The testimony of the state, coming from prosecutrix, excluded the idea that appellant assaulted prosecutrix, or in any manner acted with Reece or Aldridge in committing an assault.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.