## CLAUDE BOOKER V. THE STATE.

No. 20201.  Delivered February 22, 1939.
Rehearing Denied May 3, 1939.

The opinion states the case.

*Oliver W. Johnson*, of San Antonio, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, Judge.

Conviction is for assault, punishment assessed at a fine of ten dollars.

The record contains neither statement of facts nor bills of exception. In such condition nothing is presented for review.

The judgment is affirmed.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant offers only one proposition in his motion, which lays down the doctrine that he having been charged with making of an aggravated assault upon one Arthur Fisher by means of striking the said Fisher with an automobile, that the trial court had no power under the law to find him guilty of a simple assault and fine him the sum of Ten Dollars. In other words, that if found guilty, the court had no power other than to punish him for an aggravated assault, and fix his punishment within the bounds provided by law for an aggravated assault.

There being no statement of facts, we presume that the facts uphold the judgment of the court. Under the law a charge of aggravated assault also contains a charge for the lesser offense of a simple assault. In Bennett v. State, 79 Texas Crim. Rep. 380, 185 S. W. Rep. 14, we said: "In every indictment or information charging aggravated assault simple assault is necessarily included." Also see Yelton v. State, 75 Texas Crim. Rep. 38; Davis v. State, 20 Texas Crim. Rep. 302; Bolding v. State, 23 Texas Crim. App. 172.

In regard to appellant's contention that if guilty at all, he was guilty of an aggravated assault, and should have been given a higher punishment for the greater offense, we quote from the Bennett case, supra:

"In Powell v. State, 5 Texas Crim. App. 234, the court held, as stated in the syllabus:

" 'A conviction will not be set aside because the court below gave to the accused the benefit of a charge on a less degree of offense than the jury would have been warranted in convicting him of; nor because the jury, in view of the mitigating circumstances, were unwilling to convict of the greater offense.' Many cases could be cited, but the rule is so tersely stated by Judges Davidson and Henderson in their opinions in the case of Pickett v. State, 63 S. W. Rep. 325, we do not deem it necessary to cite other authorities. Judge Davidson

says: 'Other cases are numerous to the effect that, where there is evidence of a higher grade of offense, a conviction will not be disturbed for the inferior degree, though there was no testimony showing the inferior degree.' Judge Henderson says: 'This doctrine is too well settled by our decisions to be controverted.' "

The motion will be overruled.