THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. MIGUEL ANGEL ILARRAZA, Defendant and Appellant.

No. 8137. Argued May 7, 1940.—Decided May 9, 1940.

*M. Velázquez Flores* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The present case was tried *de novo* in the District Court of Humacao and the defendant was convicted of aggravated assault and battery and was sentenced to one year in jail. In his appeal to this court the defendant alleges that the complaint was null because it had been filed in the Justice of the Peace Court of Fajardo, which is without jurisdiction

694

to take cognizance of the offense charged; that both the Municipal Court of Fajardo, where the case was originally tried on a complaint filed in the justice of the peace court, and the District Court of Humacao, as an appellate court, are without jurisdiction by reason of the offense charged in the complaint; and lastly, that the elements constituting the crime of aggravated assault and battery were not shown.

■ It does not appear from the record that the complaint had been filed originally in the justice of the peace court. It only appears that it was sworn to before the justice ·of the peace.

The fact that the complaint was sworn to before the Justice of the Peace of Fajardo does not affect its validity, inasmuch as a justice of the peace is an officer authorized to administer oaths and as he administered such oath within the territorial limits of the court presided by him, the oath is as valid as if the same had been administered by the Municipal Judge of Fajardo himself. *Soto* v. *Treasurer of Puerto Rico*, 53 P.R.R. 904, and especially *Partido Popular et al.* v. *Gallardo, Executive Secretary*, *ante* p. 677.

■ The complaint, in its pertinent part, reads as follows:

"In the Municipal Court for the Municipal Judicial District of Fajardo, P. R.—United States of America, the President of the United States.—The People of Puerto Rico v. Miguel Angel Ilarraza Pastrana . . . . I, José A. López Vélez, Corporal, I. P., a resident of Fajardo, P. R., at number . . . Luis Muñoz Rivera street, charge Miguel Angel Ilarraza Pastrana with aggravated assault and battery commited as follows: That at 2 p. m. on January 4, 1939, in the workmen's district of Fajardo, P. R., within the ˙Municipal Judicial District of Fajardo, P. R., which forms part of the Judicial District of Humacao, P. R., the said defendant Miguel Angel Ilarraza Pastrana, there and then, unlawfully, wilfully and maliciously, with the criminal intent of causing bodily injury on the person of the minor female Angélica Soto, a human being, grabbed her by the arm while the latter was in the closet of the house, covering her mouth, pulling her in order to throw her to the ground, bruising her face, her arms, and tearing the dress she was wearing and which is produced as evidence. The aggravating circumstance is that the defendant is an adult male of

great bodily strength, who committed such offense on the person of a 13 years old female child.—Such fact is contrary to the law and to the peace and dignity of The People of Puerto Rico . . .''

It clearly appears from the face of the complaint that the offense charged is aggravated assault and battery. It is alleged that the defendant is an ''adult male of great bodily strength,'' that the complaining witness is a minor female, and that the defendant grabbed her by the arm, covered her mouth, pulled her to throw her to the ground, bruised her face and arms, and tore the dress she was wearing. As municipal courts have jurisdiction to take cognizance of the offense of aggravated assault and battery, it is evident that the district court had jurisdiction of the case on appeal.

■■ The appellant contends that the offense charged is that of assault to commit rape and not that of aggravated assault and battery. The offense of aggravated assault and battery is included in that of assault to commit rape, and this being so and as the defendant was charged with the lesser offense, there is nothing to prevent his conviction even though the facts as proven might show the commission of the greater offense. See *People* v. *Reyes,* 55 P.R.R. 805.

■ It is maintained by appellant that it does not appear from the evidence that the defendant was an adult male of bodily strength, as charged in the complaint. It is true that no direct evidence was produced as to the age of the defendant; but the evidence shows that at the time of the commission of the offense he was a married man, with children, and that the mother of the complaining witness had known him 7 or 8 years before while working as a carpenter in the home of Rafael Calderón. It is a matter of common knowledge that to be a carpenter and to work as such necessarily implies that he must have been at the time 14 years of age, which added to the 7 or 8 mentioned by the witness, shows that the defendant at the time must have been 21 or 22 years old.

Moreover, the trial judge, who was able to see the defendant during the trial, judged him to be above 21 years, for he found him guilty of aggravated assault and battery, and there is nothing in the record to show that the defendant at any time raised the question in the lower court.

In the State of Texas, from which we have borrowed our law regarding assault and battery, it has been held by the Court of Appeals:

". . . . As stated above, the information in this case charged an aggravated assault by an adult male upon a female, and in order to warrant a conviction the prosecution was bound to prove the allegation as laid,—that is, that defendant was an adult male. 'Adult' means a person who has attained the full age of 21 years. *George* v. *State,* 11 Tex. App. 95; *Schenault* v. *State,* 10 Tex. App. 410. There is no direct positive proof in the statement of facts to the effect that defendant is and was an adult male, but we find that he is spoken of as 'a man,' and 'a railroad hand;' and there is no question made at the trial below as to this fact. On the contrary, defendant appears to have been recognized by all the parties at the trial and by the court as an adult. The rule seems to be well settled now upon this subject that where there is no question or controversy as to this matter raised or availed of in the court below, nor suggested by the facts in evidence, the case will not be reversed for want of specific proof of the fact. (Citations)." *Henkel* v. *State,* 11 S. W. 671, 672, and cases cited.

See also the more recent case of *Pirest* v. *State,* (Tex. 1932), 47 S.W. (2d) 280.

As all the errors assigned by defendant are without merit, and the punishment imposed being within the limits established by law for this offense, the appeal shall be dismissed and the judgment appealed from affirmed.