

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 6, 1964

Miss Naomi Harney
County Attorney
Potter County
Amarillo, Texas

Opinion No. C-327

Re: Acquiring of jurisdic-
tion by Corporation or
Justice Court where
complaint alleges sim-
ple assault but facts
show aggravated as-
sault under Section 9,
Art. 1147, Vernon's
Penal Code.

Dear Miss Harney:

Your request for our opinion sets out the following questions:

"Question No. 1: In a trial in Corporation
Court or Justice Court, the complaint alleges
a simple assault by John Doe in and upon the
person of Helen Doe, no evidence having been in-
troduced that John Doe is an adult male and Helen
Doe is a female, and it not being alleged that
John Doe is an adult male and Helen Doe is a fe-
male. Must the Court dismiss the simple assault
case before it due to lack of jurisdiction?

"Question No. 2: In a trial in Corporation
Court or Justice Court the complaint alleges a
simple assault by John Doe in and upon the per-
son of Helen Doe, the facts show that John Doe
is an adult male and Helen Doe is a female;
however, it is not alleged in the complaint that
John Doe is an adult male and Helen Doe is a
female. Must the Court dismiss the simple as-
sault case before it due to lack of jurisdiction,
where the facts show that the defendant could
be convicted of aggravated assault?"

Article 1138, Vernon's Penal Code, "Assault and Bat-
tery," provides:

"The use of any unlawful violence upon the
person of another with intent to injure him,
whatever be the means or the degree of violence

used, is an assault and battery. Any attempt to commit a battery, or any threatening gesture showing in itself or by words accompanying it, an immediate intention, coupled with an ability to commit a battery, is an assault."

Article 1147, Vernon's Penal Code, Definitions, provides:

"An assault or battery becomes aggravated when committed under any of the following circumstances:

"...

"(9) When committed by an adult male upon the person of a female or child or by an adult female upon the person of a child."
(Emphasis added)

Our Courts have held that in every indictment or information charging aggravated assault, simple assault is necessarily included. Bennett v. State, 185 S.W. 14 (Tex. Crim.1916). Aggravated assault and battery necessarily includes simple assault and battery; one can not be heard to complain of conviction of the latter on proof sufficient to establish the former. Foster v. State, 8 S.W. 664 (Tex. App. 1888). A conviction for simple assault may be had under a charge of aggravated assault. Booker v. State, 127 S.W.2d 460 (Tex.Crim. 1939).

By analogy, driving while intoxicated is a misdemeanor unless a prior conviction is alleged and proved, and where accused has been previously convicted of drunk driving, indictment charging drunk driving may allege one or more such convictions, and proof of primary offense and one such prior conviction is sufficient to sustain conviction for felony under Vernon's Penal Code, Article 63, 802b. Our Court of Criminal Appeals has held that where no previous conviction is alleged, the offense of driving while intoxicated is a misdemeanor of which the county court has jurisdiction. Williams v. State, 342 S.W.2d 581 (Tex.Crim. 1961); Coker v. State, 198 Tex.Crim. 141, 253 S.W.2d 668 (Tex.Crim. 1952); and, May v. State, 350 S.W.2d 924 (Tex.Crim. 1961).

The specific answer to your questions lies in the fundamental proposition of acquiring jurisdiction by the corporation or justice court. The Court acts upon the facts alleged or presented in the complaint. If the complaint in

each instance alleges a mere simple assault, the Court acquires jurisdiction. Under the provision of Section 16 and Section 19, Article 5, Constitution of Texas, our Courts have repeatedly held that pleadings or allegations determine the amount in controversy in placing jurisdiction into the county or justice court. No different rule is to be found for violations of our penal laws, and the Court must, therefore, rely on the facts alleged in the complaint. The answer, therefore, to both your questions is "No."

## SUMMARY

Corporation Courts or Justice Courts are not required to dismiss an alleged simple assault case which is in fact an aggravated assault, or, when later the facts at the trial reveal an aggravated assault.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By V. F. Taylor
V. F. Taylor
Assistant Attorney General

VFT/dt

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Scott Garrison
Brady Coleman
Howard Fender
George Black

APPROVED FOR THE ATTORNEY GENERAL
By: Roger Tyler