John BROOKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 41739.

Court of Criminal Appeals of Texas.

Dec. 18, 1968.

Dougal C. Pope, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge, Asst. Dist. Atty., Houston, for the State.

## OPINION

ONION, Judge.

The complaint and information alleged appellant to be an adult male, and charged that he made an assault upon the prosecutrix, who was alleged to be a female. Upon a plea of not guilty before the jury, he was convicted of aggravated assault and his punishment assessed at a fine of $100.-00.

In his first ground of error appellant contends that the State erred in failing to prove that appellant was an adult male.

In a prosecution under the provisions of Article 1147(9), Vernon's Ann. P.C., the prosecution is required to allege and bound to prove that the accused is an adult male person. 6 Tex.Jur.2d, Assault and Battery, § 73, p. 307, § 80, p. 313. Where the evidence fails to show the accused is an adult male, a judgment of conviction for aggravated assault cannot be sustained. Bennett v. State, 79 Tex.Cr.R. 380, 185 S.W. 14, 15.

The term "adult male" as used in the definition of aggravated assault means a male who has attained the full age of 21 years. Valdez v. State, 156 Tex.Cr.R. 192, 240 S.W.2d 320; Waldrep v. State, 150 Tex.Cr.R. 175, 199 S.W.2d 781; Graham v. State, 119 Tex.Cr.R. 14, 46 S.W.2d 709.

Age may be proved by either direct or circumstantial evidence. While it is not necessary that there be an absolute statement by some witness that appellant was an adult male, Ahlgren v. State, 91 Tex.Cr.R. 267, 238 S.W. 651, still there must be some evidence clearly showing that the accused was at the time of the assault an adult male. Robinson v. State, 25 Tex. App. 111, 7 S.W. 531. Further, it must be remembered that on appeal this Court is not authorized to indulge in presumptions against the appellant relating to his age. Graham v. State, supra.

No witness appears to have testified to appellant's age nor do we find any other direct evidence of the same. We do observe that there is evidence that the appellant was married and that he and his wife rented rooms.

Our attention is called to *one* place in the record where the prosecutor asked the complaining witness:

"Q. This gentleman (apparently referring to appellant) was acting under your husband's direction?

"A. I don't know, the street part was."

In Johnson v. State, 160 Tex.Cr.R. 430, 271 S.W.2d 943, relied upon by the State, there was *repeated* reference to "This man" and no issue or controversy as to whether the accused was an adult male was raised in the court below. See also Ahlgren v. State, supra; Valdez v. State, supra.

In the case at bar, however, as in Graham v. State, supra, and Priest v. State, 120 Tex. Cr.R. 31, 47 S.W.2d 280, the appellant, after both sides closed, made a motion for instructed verdict particularly pointing out to the court the fact that the record was devoid of any evidence that the appellant was an adult male. Such motion was promptly overruled. We do not find any request in the record on the behalf of the State to reopen its case, nor is there any explanation of the failure of the State to inquire of the appellant as to his age when he testified in his own behalf.

In light of the record before us and the fact that the issue was raised below, we conclude that the State has failed to sustain

its burden of proof and the trial court erred in overruling the motion for instructed verdict.

For the reason observed, the judgment is reversed and the cause is remanded.