## PRENTISS BENJAMIN *v.* STATE OF MARYLAND

[No. 196, September Term, 1969.]

*Decided April 27, 1970.*

374

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Alan J. Karlin* for appellant.

*James F. Truitt, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Cornelius D. Helfrich, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Appellant was convicted of false pretenses in a non-jury trial in the Criminal Court of Baltimore and sentenced to two years imprisonment. The single count indictment, upon which appellant was tried, charged that he "unlawfully and knowingly, by a certain false pretense, did obtain from Helen Neuser two thousand dollars current money; of the goods, chattels, moneys and property of Helen Neuser . . ."

The record discloses that on September 4, 1968, Mrs. Neuser, the agent of a bail bond company, interviewed appellant at the Baltimore City Jail as a result of a conversation with his attorney. During the interview, appellant falsely represented himself as Roosevelt J. Rice, producing a driver's license filled out in that name. After again talking with the attorney, Mrs. Neuser returned to the jail and wrote a $2,000 bail bond to secure appel-

lant's release. Because appellant appeared for trial, the $2,000 never had to be paid.

On the record before us, there is no factual showing that the appellant obtained two thousand dollars as charged in the indictment. It is apparent that the proof adduced by the State simply did not support the allegation contained in the indictment. It is, of course, well settled that the evidence in a criminal case must not vary from those allegations in the indictment which are essential and material to the offense charged. *Love and Matthews v. State*, 6 Md. App. 639, 642. While it is true that the appellant, as a result of his false representation, may have received the security of the bond, thereby obtaining his freedom from incarceration, this is a far cry from proving he "did obtain from Helen Neuser two thousand dollars current money . . ." We think the variance in proof is fatal. See 42 CJS *Indictments and Informations* § 266.

*Judgment reversed.*