IN RE APPEAL NO. 267, SEPTEMBER TERM, 1977
FROM THE DISTRICT COURT OF MONTGOMERY
COUNTY, MARYLAND, SITTING AS A
JUVENILE COURT

[No. 267, September Term, 1977.]

*Decided December 9, 1977.*

The cause was argued before MOYLAN, MELVIN and MASON, JJ.

*Frank J. Coviello, Assigned Public Defender,* for appellant.

*Stephen Rosenbaum, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Michael Masin, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

MELVIN, J., delivered the opinion of the Court.

On January 19, 1977, Dwayne Dyson (appellant) was convicted in the District Court of Maryland for Montgomery County, sitting as a Juvenile Court, of contributing to the delinquency of a minor. He presents two questions for our review:

"1. Did the trial judge err by failing to grant appellant's motion for judgment of acquittal at the close of all of the evidence, since the State failed to prove that the accused was an adult, this being an essential element of the crime charged?

"2. Did the State's proof concerning the corporate status of the store contained in the charging petition fail to correspond with the allegations in said petition wherein no corporate status was mentioned?"

The record indicates that on October 20, 1976, appellant met a fourteen year old minor outside a pool hall in Washington, D. C. The minor then accompanied appellant and a third party to Howard University where they stole an automobile. The three eventually drove to the Super Giant store at 12051 Rockville Pike in Montgomery County, Maryland. Inside the store, appellant and the third party forced open a watch display case and removed five watches, while the minor occupied the attention of the jewelry clerk. This action was detected, however, by the store's security guards, and all three were apprehended when they left the store without paying for the watches. On December 15, 1976, the minor was tried in a juvenile proceeding for his participation in the shoplifting and was adjudicated a delinquent.

I

The offense of which appellant was convicted is set out in Md. Ann. Code, Cts. & J. Proc. Art., § 3-831 (1976 cum. supp.) as follows:

"§ 3-831. Contributing to certain conditions of child.

(a) It is unlawful *for an adult* wilfully to

contribute to, encourage, cause or tend to cause any act, omission, or condition which renders a child delinquent, in need of supervision, or in need of assistance.

(b) A person may not be convicted under this section unless the child has been adjudicated delinquent, in need of supervision, or in need of assistance. However, the court may expunge the adjudication from the child's record and enter it as a finding in the adult's case." (Emphasis supplied.)

Md. Ann. Code, Cts. & J. Proc. Art., § 3-801 (c) defines "adult" as "a person who is 18 years old or older."

There is nothing in the record to support a finding that appellant was 18 years old or older at the time of the alleged offense. The issue before us is whether appellant's conviction can stand absent such evidence.

In denying appellant's motion for judgment of acquittal the trial judge stated:

"In regard to your motion, I will not grant the motion for a judgment of acquittal, certainly not because this court by looking at Dwayne can make a determination whether he is or is not over the age of eighteen.

The petition before the court alleges that he is an adult, it further alleges that he was born on the 4th day of September of 1958. That aspect is the ruling of this court as to whether or not he is an adult or whether or not he is a child does not have to be proven unless, however, there is some question as to the age. So therefore I will deny the motion for a judgment of acquittal. Anything further?"

It is thus apparent that the trial judge concluded that under the statute minority is a defense which must first be raised by the defendant before the prosecution is required to prove that he was an adult at the time he committed the offense. We hold, however, that adulthood is an essential element of the statutory offense and that under the general

rule applicable in criminal cases the burden was upon the State to prove it beyond a reasonable doubt. *In re Winship,* 397 U. S. 358, 364, 90 S. Ct. 1068, 25 L.Ed.2d 368, 375 (1970). Under the statute, minority is not a matter that must first be raised by the defense. Where as here the evidence fails to show the accused is an adult, a judgment of conviction cannot be sustained. The judgment will therefore be reversed and a new trial awarded. *Gray v. State,* 254 Md. 385, 397, 255 A. 2d 5 (1969), *cert. denied,* 397 U. S. 944 (1970).

The State relies upon *Foxwell v. State,* 146 Md. 90, 125 A. 893 (1924), to support its contention that it was not necessary for it to prove affirmatively the appellant's adulthood. The reliance is misplaced. In *Foxwell* the Court of Appeals construed Md. Ann. Code, Art. 27, § 422 (1912),[1] and held:

> "The Code section just cited concludes with a proviso that it shall not apply to male persons under the age of eighteen years. It was argued that the indictment should have alleged the appellant's age to have been beyond the limit which the proviso specified. This was not a necessary averment. The restriction by the proviso as to the application of the statute, according to the age of the accused, afforded a possible ground of defense which the indictment was not required to anticipate and negative. *The provision was not incorporated in the description of the offense with which the statute was concerned. It was an exemption provided in a subsequent clause and available to the accused only*

---

1. "If any person shall carnally know any female not his wife, between the ages of fourteen and sixteen years, such carnal knowledge shall be deemed a misdemeanor and the offender being convicted thereof shall be punished by imprisonment in the house of correction for a term not exceeding two years, or be fined in a sum not exceeding five hundred dollars, or be both fined and imprisoned in the discretion of the court; provided, that nothing in this section contained shall be construed to affect or interfere with the law relating to the crime of rape as now in force in this State; and *provided further, that this section shall not apply to male persons under the age of eighteen years."* (Emphasis added.)

*in the event of the existence of a fact peculiarly within his own knowledge."* (Emphasis added.) [2]

Thus, where the legislature intends that age be a possible ground of defense, rather than an element of the offense, it so indicates by providing an exemption in a clause subsequent to that containing the substantive offense. In the instant case, the provision dealing with age (i.e. the use of the term "adult") is contained not in a subsequent clause as an exemption but rather is inseparably incorporated in the description of the offense. We think the legislature clearly intended, therefore, that adulthood be an element of the offense and not that the lack thereof be a possible defense which must first be raised by the defendant. *See Kiefer v. State,* 87 Md. 562, 40 A. 377 (1898). *See also Howes v. State,* 141 Md. 532, 119 A. 297 (1922); *State v. Jenkins,* 124 Md. 376, 92 A. 773 (1914); *Stearns v. State,* 81 Md. 341, 32 A. 282 (1895).

Our decision is supported by the weight of authority in other jurisdictions that have construed statutes similar to the one at hand. For example, in *People v. Mantalvo,* 4 Cal. 3d 328, 93 Cal. Rptr. 581, 482 P. 2d 205 (1971), the Supreme Court of California said:

> "Section 11502 provides that every 'person of the age of 21 years or over' who commits any of the proscribed acts is guilty of a criminal offense. There is nothing whatever in that language to suggest that majority is not an element of the crime that the prosecution must prove or that minority is a defense that the defendant must assert. The Legislature is fully cognizant of the rules placing on the prosecution the burden of proving every element of the offense charged and guaranteeing the defendant a jury trial on every such element regardless of the state of the evidence." 482 P. 2d at 208.

---

2. *But see* Scott v. State, 2 Md. App. 709, 712, 237 A. 2d 61 (1968), which indicated in *dicta* that majority *was* a fact "necessary to be proved to convict the appellant of the offense of carnal knowledge. . . ."

In *Rich v. State,* 266 P. 2d 476 (Okla. Crim. 1954), the Criminal Court of Appeals of Oklahoma was faced with the issue of whether there was sufficient evidence to convict the appellant of child molesting, in violation of 21 O.S. § 1123 (1951). That statute provided, in pertinent part, as follows:

> "Any adult person who shall knowingly and intentionally make any oral or written lewd or indecent proposal to any child under the age of fourteen (14) years . . . ."

In *Rich* the Court stated:

> "In connection with the first assignment of error, it is clear that the statute provides that the act of intentionally or designedly molesting the body of a child under the age of 14 years can only be committed by an 'adult person'. Adult persons are defined by statute as being males 21 years of age and females 18 years of age. 15 O.S. 1951, §§ 13, 14.
>
> "It is true that there is no direct evidence in the record as to the age of the accused. He did not testify and offered no evidence in his behalf. *However, this is a material element of the offense* and may be proved by circumstantial evidence the same as by direct evidence." (Emphasis added.) 266 P. 2d at 478.

And further on:

> "The jury was correctly instructed that the burden was upon the state to prove the elements of the offense including that the alleged offense was committed by an adult person."

In *Brooks v. State,* 435 S.W.2d 523 (Tex. Crim. 1968), the Criminal Court of Appeals of Texas reversed a conviction for aggravated assault under a statute [Article 1147 (9), Vernon's Ann. P.C.] which provided that assault becomes

aggravated, "When committed by an adult male upon the person of a female or child . . . ." The Court in *Brooks* stated:

> "In a prosecution under the provisions of Article 1147 (9), Vernon's Ann. P.C., the prosecution is required to allege and bound to prove that the accused is an adult male person. 6 Tex.Jur.2d, Assault and Battery, § 73, p. 307, § 80, p. 313. Where the evidence fails to show the accused is an adult male, a judgment of conviction for aggravated assault cannot be sustained. Bennett v. State, 79 Tex.Cr.R. 380, 185 S.W. 14, 15." *Id.* at 524.

The Court in *Brooks* also noted that there can be no presumption "against the appellant relating to his age". *Id. See also Graham v. State,* 46 S.W.2d 709, 710 (Tex. Crim. 1932) (where the evidence fails to show that the accused is an adult, a judgment of conviction for aggravated assault cannot be sustained).

And finally, in *Stone v. State,* 41 N.E.2d 609 (Ind. 1942), the Supreme Court of Indiana reversed a conviction of contributing to the delinquency of a minor under a statute [Section 18, chapter 233, Acts 1941] which provided that:

> "It shall be unlawful for any adult to commit any act or omission which would in any way encourage or tend to cause any child to come within the provisions of this act or to counsel or encourage any child to commit any of the acts specified in Sec. 5, subsection A of this Act."

By section 3 of the Act, "The word 'adult' means a person eighteen years of age or older."

In *Stone,* the Court stated:

> "The age of the appellant is not disclosed by the evidence, although it may be surmised that she was a young girl, and of the approximate age of eighteen years. The statute, if it is valid, applies only to adults. The affidavit would not state an offense unless it alleged, as it does, that the

defendant is an adult. What must be alleged must be proven, and there is no proof of appellant's age. The appellee contends that this was a matter of defense, but *it is not,* and no authority is cited to sustain the contention." 41 N.E.2d at 611. (Emphasis supplied.)

## II

Appellant contends that there was a fatal variance between that which was alleged in the charging document and that which was proven at trial. The "Juvenile Petition — Adult" under which appellant was charged alleges that "respondent encouraged and tended to cause Preston Bennett, a juvenile, to shoplift 5 watches from the Super Giant Department Store, Rockville, Maryland". The evidence produced at trial established that the watches were owned by "Giant of Maryland, Incorporated", located in Rockville, Maryland. While we doubt that the allegation of ownership of the watches was "essential and material to the offense charged", *Benjamin v. State,* 9 Md. App. 373, 375, 264 A. 2d 490 (1970), we need not decide that issue today. The Petition may be amended on remand to reflect the true owner of the watches "at any time before verdict". Md. Rule 713; *Wilkins v. State,* 4 Md. App. 334, 242 A. 2d 808 (1968).

> *Judgment reversed.*
> *Case remanded for a new trial.*
> *Costs to be paid by Montgomery County.*