**Opinion delivered March 16, 1889.**

No. 2684.

## LON WILLARD v. THE STATE.

1. CORPUS DELICTI—EVIDENCE.—The criminal act and the defendant's agency in producing the act are issues which the State must prove in order to warrant a conviction for crime. But such issues may be established by circumstantial as well as direct evidence, and the legal test of its sufficiency is whether it satisfies the understanding and conscience of the jury beyond a reasonable doubt.

2. SAME—CONFESSION.—A naked confession is not sufficient of itself to support a conviction. See the opinion on the subject.
3. SAME—CHARGE OF THE COURT.—Upon the ground that, independent of the confession of the defendant, the State had adduced no proof of the *corpus delicti*, the defense requested the trial court to instruct the jury, in effect, that before they could consider the confession of the defendant as inculpatory evidence, the proof of the *corpus delicti* must be absolute and beyond a reasonable doubt. One of the grounds upon which the court refused the requested instruction wa that the State, under the peculiar circumstances of this case, was en titled to have the confession considered by the jury. *Held*, that the ruling, in view of the other proof in the case, and of the general charge as given by the court, was correct. See the opinion on the question.
4. CATTLE THEFT—FACT CASE.—See statement of the case on this and the former appeal (26 Texas Ct. App., 126), for evidence *held* sufficient to support a conviction for cattle theft. And see the statement of the case for the general charge of the court referred to in the preceding head note.

APPEAL from the District Court of Eastland. Tried below before the Hon. T. H. Conner.

This appeal is from a second conviction for cattle theft. (See Lon Willard v. The State, 26 Texas Ct. App., 126.) Two years in the penitentiary was the penalty assessed against the appellant on this trial.

Except Ainsworth, who was not introduced on this trial, the witnesses who testified on the former trial, and whose testimony is set out in the former report, testified to substantially the same facts on this trial. Only the additional testimony adduced on this trial is set out in this report.

J. W. Hague testified, for the State, that the alleged stolen cow was one of a number in the same brand that belonged to him, but which at the time of the alleged theft was in the care, management and possession of J. S. Holloway. The witness knew the cow well, not merely by her brand, but by the peculiarity of her horns as described by the witness Holloway. The witness went to the house of the defendant soon after the alleged theft, and, in the presence of defendant, told his brother, Ed Willard, that he would be able to tell by the horns whether or not the cow killed by them was his, witness's, cow, and that if he, Ed. Willard, would show him the head, and the horns did not prove the identity of the cow, he, witness, would go on the witness stand at the trial and swear that the said cow was not

this, and would thus secure defendant's acquittal. Ed. Willard replied that he did not know where the head was ; that he took it off the stable to show it to Mr. Ainsworth, and then threw it on the ground and had not seen it since, and that he supposed it had been carried off by a dog or a hog. Defendant said nothing during the conversation between witness and Ed. Willard.

Sheriff Schmick testified, for the State, that the defendant was one of several prisoners who escaped from the Eastland jail on November 24, 1888, by cutting out through the roof. He was afterwards re-arrested in Tom Green county. Witness did not know which of the prisoners who escaped contrived the means of getting out.

Judge J. T. Hammons testified, for the defense, that shortly after the alleged theft, J. S. Holloway, in a conversation with him on the steps of the court house in Eastland, told him that he found a head and horns which he believed to be the head and horns of the cow referred to in the indictment, but that he was afraid that that would not amount to evidence enough to convict defendant, although it would do to put him to some trouble.

Major J. H. Davenport testified, for the defense, that he was present at the former trial of this case, and on that occasion heard the testimony of J. S. Holloway, including his description of the alleged stolen cow. After that trial witness saw a cow in the town of Eastland with horns similar in shape to the description given by Mr. Holloway. Witness could not state the age, color or brand of the cow he saw in Eastland.

In so far as under the rulings of this court it is necessary to be set out, the charge of the trial court reads as follows: "* * * 5. You are instructed that in this case the State relies on circumstantial evidence in order to establish the guilt of defendant of the crime charged. In considering this character of evidence, you are instructed that, in order to warrant a conviction of a crime, each fact necessary to the conclusion sought to be established, must be proved by competent evidence beyond a reasonable doubt. All the facts must be consistent with each other, and with the main fact sought to be proved; and all the circumstances taken together, must be of a conclusive nature, leading on the whole to a satisfactory conclusion, and producing in effect a reasonable and moral certainty that the accused and no other person committed the offense charged. And in this case, if on consideration of the evidence, there is any reasonable hypothesis consistent with the facts proved to your satis-

faction, and inconsistent with the guilt of the defendant, he should be acquitted."

"7. I will now apply the law above given you to the facts of this case. If you should find from the evidence that the defendant, Lon Willard, on or about the fifteenth day of January, 1888, or at any time within five years prior to the time of the filing of this indictment, which was the thirtieth day of May, 1888, and in the county of Eastland, and State of Texas, did then and there fraudulently take the particular cattle mentioned in said indictment; and should you further find that, at the time and place of such taking by defendant, the J. S. Holloway mentioned in the indictment then and there had and exercised the actual care, custody and control and management of the animal so taken, and that said animal was so taken by the defendant without the consent of the said J. S. Holloway, and with intent then and there, on defendant's part, to deprive the owner of the value of the said one cattle, and to appropriate it to the use and benefit of himself, defendant, then and in such case defendant would be guilty as charged; and if you so find the facts you will find him guilty and assess his punishment at confinement in the penitentiary not less than two nor more than five years.

"8. In considering this cause if you should believe from the evidence that the one cattle described in the indictment was in fact stolen as alleged, yet if the evidence should raise in your minds a reasonable doubt that defendant is the person who committed the offense charged, you should acquit him; that is, if from the evidence you should find that defendant's brother, Ed Willard, or Fordy House, or some other person other than defendant, committed the offense charged, if committed at all, you should acquit; or if from the evidence you have a reasonable doubt as to this you should give the defendant the benefit of the doubt and acquit him."

"10. Again, if the cow's head and horns found by Holloway in the Willard pen (if he found one) was the head of some other animal, and not the head of the animal about which he testified, then defendant should be acquitted; or if from the evidence you have a reasonable doubt as to this question, defendant should be given the benefit of the doubt. You are further instructed that the defendant is presumed by law to be innocent until his guilt be established by legal evidence, and if from the evidence before you you have a reasonable doubt as to the de-

fendant's guilt you should acquit him. As before given you in charge, you are the exclusive judges of the credibility of the witnesses, and the weight to be given to the testimony, and of the facts proved; but you must receive the law as given you in charge by the court, and be governed thereby."

*B. F. Cotton, J. T. Hammons* and *C. F. Clint*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, *contra*.

White, Presiding Judge. This is a second appeal from a judgment of conviction in this case. (See Willard v. The State, 26 Texas Ct. App., 126.) After a most thorough reading of the record in this appeal we are of opinion that there is but one question raised of sufficient moment to require a discussion at our hands.

It is most urgently insisted that there is no evidence of appellant's guilty agency in the alleged theft of the animal, save his own confession, or admissions amounting to a confession, and that this confession or admission, being uncorroborated, is not sufficient in law to warrant his conviction. In other words, it is contended that the corpus delicti of a crime can not be proven alone by the confessions of a party charged with the crime.

In all criminal prosecutions the rule is elementary that, to sustain a conviction, two things must be established, first, a criminal act, and, second, defendant's agency in the production of such act. (Whart. Crim. Ev., 8 ed., sec. 325; 3 Greenl. Ev., sec. 30.) In other words, there must be proof of the *corpus delicti* and the *identity of the prisoner*. But, whilst this is so, there is no one kind of evidence to be always demanded in proof of the *corpus delicti*, any more than of any other fact. It can seldom be proven by direct or positive testimony, and may be lawfully established by circumstantial evidence, provided it be satisfactory to the understanding and conscience of the jury beyond a reasonable doubt. (Brown v. The State, 1 Texas Ct. App., 154, and authorities cited; Merrill v. The State, 2 Texas Ct. App., 177.)

With regard to confessions, Mr. Wharton says: "While voluntary confessions of specific charges or of inculpatory facts are always admissible under the conditions above stated,

they can not sustain a conviction unless there be corroborative proof of the *corpus delicti;*" and he cites a long array of authorities in support of the proposition. (Whart. Crim. Evid., 8 ed., sec. 632.) "It should be remembered," he says, "that the *corpus delicti* consists not merely of an objective crime, but of the defendant's agency in the crime, and unless the *corpus delicti* in both these respects is proved, a confession is not by itself enough to sustain a conviction." (Id., sec. 633.)

Defendant's counsel requested a special instruction upon this point, which the court refused because, as stated by the learned judge, "not the law as I understand it. A confession in some cases, uncorroborated, might be insufficient to establish the *corpus delicti,* but I think certainly in this case the jury may consider defendant's statements in connection with the other proof in determining the matter." There is no doubt of the correctness of the latter proposition as stated by the court. We have seen from the authorities that he is mistaken as to his first declaration that such an instruction would not be the law. The question is, if it should occur that the court erred in its opinion as to the correctness of the proposition of law, did the refusal of the instruction materially injure the rights of the defendant in this case? Was the instruction a part of the law applicable to the facts, and necessary to be given independently of the law as submitted in the general charge? In this case the court plainly and, as we think, fully instructed the jury upon all the legitimate phases of the testimony, including an elaborate instruction upon circumstantial testimony.

Now let us recur to the evidence in the case. The alleged stolen animal was a noted cow, and so peculiar was the size and shape of her horns that "she was known as old Broadhorns." The horns were, in addition to their length and size, very peculiarly turned and shaped. As described by the witness Brashear, "she had noted horns, very large, growing out towards the front, twisted up and flared out at the top." "Everybody in the whole country and settlement knew the cow by her horns." This cow was fat when last seen on her range near defendant's house. Defendant and his brother butchered beeves at their pen. The cow was missed from her accustomed range on the tenth of January. Shortly afterwards Holloway, the alleged owner, started to hunt for her, and went to defendant's house. As soon as defendant saw him, defendant looked excited and

uneasy and went back to the house. Defendant's brother remained, and Holloway found, in looking around in the field among the weeds behind the stable, several cow heads and cow hides, cut all to pieces, and among these heads he found the head of his cow. He swears positively and emphatically: "These horns I know came from the cow above described, and I identified the same." Defendant and his brother denied at that time that they knew anything about the killing of the cow. That afternoon, however, Holloway went back to see them, and at this time the defendant admitted that he had killed the cow, and proposed to pay, and finally agreed to pay fifteen dollars for her. We are of opinion that, indepenent of the defendant's confession. the evidence was strong and cogent that the cow had been killed and at least that he was a guilty agent in the crime. We are not prepared to say that the evidence would not have been sufficient without his confession; there can be no question but that it abundantly corroborates his confession.

This being so, was it necessary that the court, in addition to the general charge as given, should have given defendant's special requested instruction with regard to the necessity for corroboration of the confession in order to establish the *corpus delicti?* Under the peculiar facts of this case and the charge as given, we do not think the law of the special instruction was essential, nor can we perceive how any possible injury could have been done defendant by the refusal to give it.

We are of opinion that the evidence, outside the confession, establishes beyond all reasonable doubt that the animal was identified as the property of the prosecutor, and that it had been stolen and killed, and that the evidence sufficiently establishes the guilty agency of the appellant. And whilst the instruction in a proper case was unquestionably correct as a legal proposition, we are of opinion it would have been unjust to the prosecution to have given it in this case, because it would perhaps have misled the jury to the erroneous conclusion that the *corpus delicti* had not been sufficiently proven independently of the confession, and have created a doubt where, in our opinion, no doubt could or should legally have existed.

Other errors assigned and insisted upon are not deemed by us reversible in their character in so far as the same appear to be supported by the record. Most of them are so fully ex-

plained by the record that they are made to appear entirely harmless or without merit.

We have found no error requiring a reversal, and the judgment is affirmed.

*Affirmed.*