## JOSEPH LEE SAULTER V. THE STATE.

No. 23909. Delivered February 4, 1948.
Rehearing Denied March 17, 1948.

*Randolph Pierson,* of Galveston, and *George I. Goodenow,* of Texas City, for appellant.

*Sherwood Brown, Jr.,* County Attorney, of Galveston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is death.

There is only one bill of exception in the record and it relates to certain argument of the county attorney; however, in his motion for a new trial, he attempts to raise many questions of which no complaint was made until after his conviction. These may not be considered.

He challenges the sufficiency of the evidence to sustain his conviction. The record reflects that appellant was an escaped convict from the penitentiary of the State of Mississippi; that he came to Galveston, Texas, and a short time before the alleged homicide, he and the deceased lived together as husband and wife. On the day in question, while they both were in a beer tavern, he desired to purchase a bottle of beer but the owner declined to sell him one. The deceased purchased a bottle of beer and while she was in the act of drinking it, he asked her to give him the beer which she declined to do whereupon he cut her throat. She died a very short time later from the effects of the wounds inflicted. He testified that he had been drinking to excess on the preceding two or three days, but he did not remember stabbing her; that he did not intend to harm her.

Appellant's first contention is that the corpus delicti was not established by evidence beyond a reasonable doubt. We cannot agree with this contention. It must be borne in mind that the corpus delicti may be proved by circumstantial as well as by direct evidence. See Branch's Ann. P. C., page 1048, where many authorities are cited. However, the question here raised is really one of identification of the body of the person alleged in the indictment as having been killed rather than the want of sufficient proof of the corpus delicti. The evidence in the instant case shows that appellant and deceased lived together as husband and wife; he knew her as Thelma Leslie Cook and was with her at the beer tavern at the time in question. He first met Thelma Leslie on the 18th day of January, 1947, at which time he learned that her name was Thelma Leslie. Dan Zimmerman testified that on February 24th, 1947, he went to a beer tavern known as the "Port" where an unconscious woman was lying on the floor; that he took this woman in an ambulance from the "Port" to the emergency room at the John Sealy Hospital; that on the next day he took the body of the same woman from the John Sealy Hospital to the Malloy & Son Funeral Home. Ruby Ferrell testified that she was the daughter of Thelma Leslie; that her mother's maiden name was Thelma Cook; that she went by the name of Thelma Cook Leslie; that she took the

body from the Malloy & Son Funeral Home and shipped it to Yazoo City, Mississippi. Dr. Schofield testified that on the 24th day of February, 1947, at about 7 P. M. he saw a dead woman in the emergency room of the John Sealy Hospital; that on the following day at about 9 o'clock he performed an autopsy on that body; that this woman was known to the hospital as Thelma Leslie Cook; that there was no other dead person at the hospital at that time; that the woman died as a result of loss of blood from wounds on her neck which appeared to have been made with a sharp instrument which severed the main arteries. We deem the evidence sufficient to prove the identity of the deceased and to sustain appellant's conviction.

The court in his charge instructed the jury on the law of murder with and without malice. The court also instructed the jury with reference to Art. 36, P. C., that neither intoxication nor temporary insanity of mind produced by the voluntary recent use of ardent spirits shall constitute any excuse for the commission of crime. Evidence of temporary insanity produced by such use of ardent spirits may be introduced by the defendant in mitigation of the penalty attached to the offense for which he is being tried, etc., and then applied the law to the facts of the case. No objections were urged against the court's charge, however, he did request a special charge on the issue of insanity which was refused by the court but no exception was taken by appellant thereto. In the absence of such exception, it will be presumed that he was satisfied with the court's ruling.

By bill of exception, he complains because the county attorney in addressing the jury referred to the defendant as an ex-convict. This remark was based upon evidence introduced by the defendant when he, upon direct examination by his own counsel, testified that he had been convicted in the State of Mississippi for the offense of manslaughter and had escaped from the penitentiary of that state and again reiterated it on cross examination. See S. F. pages 42, 46, 53 and 54.

The court in his charge limited and restricted the jury's consideration of his prior conviction to his credibility as a witness and not as any evidence of his guilt in the instant case.

No error appearing from the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The motion for rehearing is predicated largely upon the testimony given by appellant upon the trial, and we are referred in the motion to the statement of facts, line and page. All of this evidence was before the jury and it was for them to determine its credibility and weight. However, we have again examined the statement of facts. The evidence before the jury amply supports the verdict carrying the death penalty.

As we understand it the complaint in the only bill of exception in the record is because the prosecuting attorney in his argument referred to appellant as an "ex-convict." It was appellant's version of the case that deceased had learned that he was an escaped convict and was threatening to report him to the officers unless he complied with her demand for money. This was his defense, put into the case by himself. If it is appellant's position that the court should have limited this evidence to the question of appellant's credibility, then unquestionably the court would have committed an error against appellant had such instruction been given. The prosecuting officer had a right to discuss this matter, as any other evidence in the record. The court properly limited the evidence as to appellant's prior conviction for theft.

The motion for rehearing is overruled.