ROBERT ALEXANDER JOHNSON V. STATE

No. 27,074.   October 27, 1954

*Dawson & Hatten, Charles B. Everett,* Houston, for appellant.

*Ewing Werlein,* District Attorney, *King C. Haynie,* Assistant District Attorney, and *Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Aggravated assault is the offense; the punishment, six months in jail.

The indictment charged that Willie Thomas and Robert Alexander Johnson (the appellant), "each being then and there an adult male, did make an aggravated assault upon Olivia Boulds, a female."

The state's case depended upon the testimony of the prosecutrix, who, alone, testified in the case, no other testimony be-

ing offered by either party. From her testimony, the following is reflected:

Prosecutrix, on her way home from work at night, alighted from a bus and started walking along the street. Appellant, driving a car and accompanied by Thomas, approached her and asked if she wanted to ride. Upon a negative reply, Thomas got out of the car and seized prosecutrix by the throat. She stabbed him, then, with a knife, causing him to turn her loose. She then "hollered." When Thomas again attempted to "grab" her, she stabbed him a second time. Thereupon, he got into the car and he and appellant drove away.

It is insisted that the state failed to establish the allegations of the indictment that appellant and Thomas were each adult male persons.

It is apparent that appellant's guilt is made to depend upon the facts showing that he was present and aided Thomas in the commission of the alleged assault. It was necessary, therefore, that the proof show only that Thomas was an adult male person.

While it is true that nowhere do we find in the testimony direct evidence that Thomas was a male person twenty-one years of age, yet we do find that prosecutrix repeatedly referred to Thomas as *"this man"* and *"the man who was holding me."*

The testimony is susceptible of the construction that both appellant and Thomas were seated in the courtroom and that, in referring to Thomas as "this man," the prosecutrix was identifying him as her assailant.

It must be remembered that there was no issue or controversy under the facts as to whether Thomas was an adult male person and that the trial court was afforded the opportunity of observing Thomas in the courtroom during the trial.

Under the facts and circumstances reflected, the proof was sufficient to support the trial court's conclusion. As supporting such conclusion, attention is called to Henkel v. State, 27 Texas App. 510, 11 S.W. 671, where we find the following:

"There is no direct positive proof in the statement of facts to the effect that defendant is and was an adult male, but we find that he is spoken of as 'a man,' and 'a railroad hand'; and there

was no question made on the trial below as to this fact. On the contrary, defendant appears to have been recognized by all the parties at the trial and by the court as an adult. The rule seems to be well settled now upon this subject that where there is no question or controversy as to this matter raised or availed of in the court below, nor suggested by the facts in evidence, the case will not be reversed for want of specific proof of the fact."

Also in Holliday v. State, 35 Texas Cr. R. 133, 32 S.W. 538, we said:

"Appellant contends that there is no evidence showing that he was an adult male person. The only proof on this subject is to be found in the testimony of Eliza Thomas, which is 'that defendant was a man and she was a woman.' A 'man' is defined as a male adult of the human race, as distinguished from a woman or a boy; one who has attained manhood, or who is regarded as of manly estate. See 4 Cent. Dict. p. 632. And this is in accord with the common understanding of the definition of the term 'man.' "

Believing the evidence sufficient to support the trial court's conclusion of guilt, the judgment is affirmed.

Opinion approved by the court.