**Curtis WARE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45022.**

Court of Criminal Appeals of Texas.

June 7, 1972.

James W. Lee, III, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction was for murder; the punishment, twenty-five years imprisonment.

The deceased, Melchia "Mack" NcNairy, the appellant's wife, the appellant and a number of other people were gathered at an apartment drinking beer in the late evening hours on July 19, 1968. The deceased was sitting on the floor close to the appellant's wife where she was fixing a wig. When the deceased was heard to say to her "that she could style hair good and would she style his" the appellant threw a beer can at Mack. John Wesley Williams, one of the men present, tried to stop the appellant but the appellant struck Williams with his fist. The appellant then struck Mack with a large coke bottle, kicked him, and shot him with a pistol. The witnesses did not know where the appellant obtained the pistol.

In appellant's sole ground of error he alleges that the evidence is insufficient to prove the corpus delicti. In support of this contention appellant argues that "The State totally failed to show that 'Mack,' the man involved in the altercation at 2808½ Park Row, is dead," and that "There is absolutely nothing in the Record to connect 'Mack' of the apartment with Melchia McNairy, upon whose body Autopsy No. M68–302 was performed other than name similarity."

The first witness for the State testified that Melchia McNairy, the deceased, was also known by the name of Mack; reference to the deceased as either Mack or Melchia McNairy appears repeatedly throughout the entire record; and at the guilt-innocence stage, appellant was asked on direct examination by his attorney, "And you are saying that you took the gun

away from the deceased, Mack McNairy, as he reached for it from his right back pocket?" to which he answered, "Yes, sir."

Appellant further urges that the State failed "to prove the destruction of the life of the person named in the indictment by the act, agency, procurement, or omission of the appellant" as required by Article 1202, Vernon's Ann.P.C. Appellant relies upon Jones v. State, 151 Tex.Cr.R. 114, 205 S.W.2d 603 (1947), where,

"[T]he State proved that the deceased was dead by one who attended the funeral, and also proved that appellant shot the deceased twice with a pistol. However, the proof further shows that the deceased walked away after being shot. It would (Sic) have been further shown that the deceased died as a result of wounds on his body created by these pistol shots." 205 S.W.2d at 603.

The facts in this record are distinguishable from those in Jones v. State, *supra*. The record reflects that Melchia "Mack" McNairy was shot by appellant, Curtis Ware, at approximately midnight on July 19, 1968, at an apartment at 2808½ Park Row in Dallas; appellant left the apartment immediately with his wife and their two children; an ambulance was called while some of the persons present tried to administer aid to McNairy in an attempt to stop the bleeding from the gunshot wound. An ambulance then arrived, McNairy was placed inside, and it left. The official records of Parkland Hospital in Dallas show that an autopsy was performed upon Melchia McNairy beginning at 9:30 a. m., the morning of July 20, 1968; that a single missile entered McNairy's body just above the collarbone, three and one-quarter inches to the left of the mid-line of the body; that the bullet struck and fractured the third rib, then passed through the lung, punctured the membrane surrounding the heart, passed through the diaphragm, the stomach, and lodged near the transverse colon. The autopsy showed that the cause of death was "gunshot wounds of the chest," and that "the time between this injury and death was short enough that the body did not start trying to heal this particular wound."

Appellant's ground of error is overruled. *Cf.* Saulter v. State, 151 Tex.Cr.R. 550, 209 S.W.2d 184 (1948).

The judgment is affirmed.

Opinion approved by the Court.