Donald FRIES, Appellant,

v.

The STATE of Texas, Appellee.

No. 45353.

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Rehearing Denied June 27, 1973.

Donald H. Flintoft, Richard B. Tenenbown, Houston, for appellant.

Stanley Kicar, Dist. Atty. and R. C. (Joe) Mikeska, Jr., Asst. Dist. Atty., Belton, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## APPELLANT'S MOTION ON REHEARING

MORRISON, Judge.

The offense is possession of marihuana; the punishment, fifteen (15) years.

Our prior opinion in this case, delivered November 15, 1972 is withdrawn and the following substituted in lieu thereof.

■ Appellant's first ground of error relates to the court's failure to grant his motion for continuance. The record reflects that on June 17, 1970, appellant waived arraignment and that on August [21], 1970, his second motion for severance was granted. During these preliminary proceedings appellant was represented by retained counsel, the Honorable Frank Holbrook. On Monday, [August] 24, 1970, the day set for trial, appellant's newly retained counsel, the Honorable Donald H. Flintoft, filed a motion for continuance. He contended that he was not properly prepared for trial since his firm had only been recently retained.

Appellant has failed to point out, by motion for new trial or otherwise, any way in which his defense was hampered by going to trial on the scheduled date. An examination of the entire record reflects counsel's active participation and familiarity with the facts of the case.

Clark v. State, Tex.Cr.App., 366 S.W.2d 784, is authority for the rule that, absent a showing of injury, there is no abuse of discretion in overruling a motion for continuance under circumstances such as those shown in the case at bar.

■ Appellant's second and third grounds of error relate to contraband found on his person and in the automobile in which he was a passenger. Appellant contends that the searchers were not authorized and, among other authorities, relies upon Spinelli v. United States, 393 U. S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

Detective Homer E. Shelton of the Killeen Police Department testified that at 8:30 a. m. on the day in question he received information from an informant, who had given reliable information on three or four previous occasions, that the appellant was registered in room #14 at the Star Motel in Killeen, that a red Maverick would arrive at the motel, and that the driver and the appellant would leave the motel with marihuana in their possession. Shelton verified that the appellant was registered at the motel and at 9:00 a.m. set up a surveillance. Shortly after 1:00 p.m. a red Maverick automobile arrived at the motel and the driver went into room #14. At approximately 2:30 p. m. the appellant, the driver and two others came out of the room, loaded some items, including a leather type bag into the automobile and left the motel. Shelton then gave the signal to his fellow officers to stop the automobile.

Sgt. F. L. Giacomozzi testified that upon the radio direction of Sgt. Shelton he brought the Maverick, in which the appellant and three companions were seated, to a halt. A search of appellant's person revealed a cigarette package which contained regular cigarettes and those which the officer recognized as marihuana cigarettes. In the course of the search the officers found a plastic bag containing hand rolled cigarettes and a sign identifying them as "Dallas Weed". The officer testified that appellant appeared to be "wild eyed" and "his pupils were slightly dilated and he was moving his eyes frequently". Shelton's search of the automobile revealed the leather type bag he had observed being loaded into the automobile at the motel. Inside the bag he found a brown paper bag inside of which were numerous plastic bags containing a plant-like substance which appeared to be marihuana.

Recently in Mottu v. State, 472 S.W.2d 522, this court dealt with almost the identical situation. In that case, the informant told the officers that the defendant was at home at a certain address, but that he would be leaving and that he would have heroin in his possession. The informant described the automobile the defendant would be traveling in at the time he left the house. The officers proceeded to the address and set up a surveillance. Sometime thereafter the defendant came out of

the house and got into the car which had been described to them and drove away. The officers forced the automobile to a halt and found the contraband inside. In Mottu, supra, we relied on Almendarez v. State, 460 S.W.2d 921, and concluded, as we do here, that there was probable cause to arrest the appellant and that the search incident to the arrest was lawful and that the fruits of the search were admissible in evidence. See also United States v. Drew, 436 F.2d 529 (5th Circuit), and Harris v. State (9/25/72) Tex.Cr.App., 486 S.W.2d 88.

Appellant's first two contentions are overruled.

By Supplemental Brief, not filed in the trial court, but filed for the first time in this court, appellant seeks to attack the validity of the search of his motel room on the day following his arrest when officers, armed by a search warrant, returned to room #14 at the Star Motel and recovered additional marihuana.

■ The record reflects that appellant, in the absence of the jury, asked for a "continuing objection and exception to testimony and physical evidence that will be offered by the State." Seemingly as an afterthought, the appellant added that he wanted his objection to go to "the search also of the motel". The State's testimony related to the search of the appellant's person, the automobile in which he was riding, and the search, under a warrant, of the motel room the following day. Additional-

ly, the probable cause set forth in the warrant recites the fruits of the search of the day preceding and is clearly sufficient.

■ Relying, in part, on Vines v. State, 397 S.W.2d 868, appellant also claims that the search warrant was not exhibited to the court when appellant objected to the search of the room. However, we need not reach that question. The record reflects that the appellant introduced the search warrant and affidavit during the hearing at the motion for new trial. Once the warrant and affidavit become part of the record, this Court can determine their validity.[1] Turner v. State, 462 S.W.2d 9. We have examined the documents and conclude the search warrant is valid on its face and that the affidavit recites sufficient probable cause.

We overrule the appellant's contention relating to the search of the room in the motel.

■ Appellant's other contentions are also briefed for the first time in this court and, therefore, are not in compliance with Article 40.09, Section 9, Vernon's Ann.C. C.P. They are not questions of constitutional dimension or those which should be considered "in the interest of justice" under Article 40.09, Section 13, V.A.C.C.P., and will not be discussed. Rivello v. State, 476 S.W.2d 299; Lewis v. State, 479 S.W. 2d 74.

The judgment is affirmed and appellant's motion for rehearing is overruled.

1. At motion for new trial appellant's attorney stated he was unable to determine from the record that the search warrant and affidavit had been introduced and felt that this omission was error, but then, seemingly to preserve an alternative objection, introduced what he believed to be the search warrant. It is obvious from the face of the affidavit, that this was the warrant used to search the motel room.