Louis LYLES, Appellant,

v.

The STATE of Texas, Appellee.

No. 59615.

Court of Criminal Appeals of Texas, Panel No. 2.

June 13, 1979.

Gerald A. Woolf, court appointed, on appeal only, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Clyde A. Wilson, Jr., Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for unauthorized use of a motor vehicle. Punishment, enhanced by two prior felony convictions, is imprisonment for life.

Appellant contends through counsel on appeal that the trial court erred when it found that appellant had not knowingly and intelligently waived the right to counsel, and refused to dismiss appellant's court-appointed counsel. In a pro se brief on appeal, appellant contends that he was im-properly reindicted after his original conviction was overturned by this Court; the evidence is insufficient to support the conviction; there was no probable cause for his arrest; he was denied the opportunity to present witnesses in his behalf; and the prosecutor made prejudicial comments during his argument to the jury.

Appellant was indicted in the instant cause on October 10, 1977. On October 20 appellant filed a motion to dismiss his court-appointed attorney, Mr. Bill Rosch, and appoint another attorney; the motion was considered by Judge W. C. Moore and denied on October 21. Appellant was arraigned and pleaded not guilty on October 24. Appellant's dissatisfaction with counsel was apparently discussed, but Rosch was not dismissed. Immediately prior to the trial of this case, on December 7, appellant renewed his request to dismiss Rosch before Judge George Taylor, the trial judge in this case. Rosch took the stand and testified that appellant had previously decided that he wanted to represent himself, and he (Rosch) considered appellant competent enough to represent himself. Rosch stated that he had not been able to intelligently discuss the facts of the case with appellant and appellant refused to accept his legal advice.

The trial court questioned appellant and determined that appellant was thirty-five, had a tenth grade education, had no established occupation, had never acted in his own defense before, and was unfamiliar with basic legal doctrines applicable to criminal cases. The trial court also questioned appellant concerning his desire to waive counsel and represent himself:

"Now, Judge Moore granted your right to represent yourself. I want to double check that that's correct; isn't it?

"Mr. WILSON: Yes, sir, he's been at least twice—

"MR. ROSCH: Yes, sir.

"THE COURT: I understand he's fully admonished you and advised you about matters that you should take into consideration in arriving at a waiver of the right to counsel.

"THE DEFENDANT: Excuse me, your Honor. He has not said that. What I asked him was that he dismiss this counsel and appoint me to someone else. He denied this and I said I would represent myself. If I am going to be denied a lawyer or legal counsel in the courtroom, then I will represent myself because I will not go to Court with Mr. Rosch.

"That was the argument. That was what was said.

"THE COURT: Let me tell you something right now. I don't mean to be harsh with you in the slightest degree, but you are going to go to trial.

"THE DEFENDANT: Yes, sir.

"THE COURT: And you can go to trial as this Court now decides representing yourself or accepting Mr. Rosch as your counsel and you don't have to accept him.

"The Court appoints him. Now, are you still of the notion that you can't have your own counsel, or if you can't force the Court to appoint counsel of your selection, then you don't [want] any counsel?

"Is that your proposition?

"THE DEFENDANT: That's right, sir."

The court held that appellant did not understand the consequences of a waiver of counsel and had not knowingly and intelligently waived his right to counsel. Rosch represented appellant at trial.

Appellant contends that the court erroneously denied his request to represent himself at trial. No affirmative waiver of the right to counsel appears in the record. Appellant only stated that he did not want to proceed to trial with Rosch and would represent himself if forced to trial with Rosch. This Court has held that "a request for appointment of different counsel, coupled with an affirmative denial of self-representation, is not a waiver of the Sixth Amendment right to the assistance of counsel." *Thomas v. State*, 550 S.W.2d 64 (Tex.Cr. App.1977). The Court in that case went on to hold that "absent a waiver, effective representation must be afforded the indi-

gent defendant regardless of whether it is requested by him."

A waiver of the right to counsel must be voluntarily and knowingly made. *Barbour v. State*, 551 S.W.2d 371 (Tex.Cr. App.1977); *Webb v. State*, 533 S.W.2d 780 (Tex.Cr.App.1976). A waiver will not be presumed from a silent record, *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962); *Ex parte Auten*, 458 S.W.2d 466 (Tex.Cr.App.1970), and courts will indulge every reasonable presumption against the waiver of fundamental constitutional rights. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Barbour v. State*, supra. From the record in this case, we cannot say that appellant exercised a knowing, voluntary, and intelligent waiver of his right to counsel. Compare *Thomas v. State*, supra.

Appellant contends that the trial court should have granted the request to dismiss Rosch as his attorney. According to Rosch's testimony, he was the second or third attorney who had been appointed to represent appellant. Appellant's motion to dismiss Rosch had previously been considered and denied. Rosch had been appellant's attorney for close to two months. An accused's right to represent himself or select his own counsel cannot be manipulated so as to obstruct the orderly procedure of the courts or interfere with the fair administration of justice. *Webb v. State*, supra; *Gonzales v. State*, 532 S.W.2d 343 (Tex.Cr. App.1976). A trial judge is under no duty to search until he finds an attorney agreeable to the defendant. *Gonzales v. State*, supra; *Viges v. State*, 508 S.W.2d 76 (Tex. Cr.App.1974). It appears from the record that attorney Rosch presented an adequate defense for appellant, and certainly a better defense than appellant himself would have presented. Contrast *Trevino v. State*, 555 S.W.2d 750 (Tex.Cr.App.1977). The trial court did not err in refusing to dismiss Rosch.

The remainder of the contentions on appeal are raised pro se by appellant.

Appellant was originally indicted for this offense on July 30, 1975. He pleaded guilty before the court, and was sentenced to imprisonment for ten years. That conviction was reversed by a decision of this Court dated June 22, 1977, because the indictment was faulty. Appellant was reindicted in the instant cause on October 10, 1977. Appellant complains that his reindictment was harsh and vindictive, and denied him due process of law under *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), and *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

A comparison of the two indictments reveals that both allege the same offense of theft, enhanced by the same two prior felony theft convictions. The 1977 indictment includes a second count alleging the offense of unauthorized use of a motor vehicle, that the 1975 indictment does not include. However, the level of punishment was not affected because, given the prior convictions, the punishment would be automatically assessed at life imprisonment whether the conviction was for theft or unauthorized use of a motor vehicle. The latter offense is not a more serious offense than theft, in which case its addition to the indictment would indicate prosecutorial vindictiveness; rather, it is a lesser included offense of theft. See *Neely v. State*, 571 S.W.2d 926 (Tex.Cr.App.1978). Moreover, Rosch testified that appellant was offered the same plea bargain during the instant prosecution that he was offered and accepted in 1975. Appellant rejected the renewed offer in the instant case and elected to go to trial. Thus the increase in punishment from ten years to life imprisonment was not due to the vindictive action of the State but to appellant's own choice. See *Ronk v. State*, 578 S.W.2d 120 (Tex.Cr.App.1979); *Bouie v. State*, 565 S.W.2d 543 (Tex.Cr.App.1978); *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). Appellant was not denied due process of law.

Appellant contends that because of his reindictment he was subjected to improper joinder of prosecutions in violation of V.T.C.A. Penal Code, Sec. 3.02(c). That statute generally provides that, if a conviction is overturned on appeal and a new trial ordered, offenses not joined in the original prosecution may not be joined in a single reprosecution. However, in this case the added offense of unauthorized use of a motor vehicle is a lesser included offense of the originally charged offense of theft. Even if the second count had not been added to the 1977 indictment, the trial court could have charged the jury on the lesser included offense if the evidence supported such a charge. In fact, the evidence did support the charge, and appellant was convicted for the lesser included offense. The inclusion of the lesser included offense in the second indictment did not violate Sec. 3.02(c), supra. See also Art. 37.14, V.A.C. C.P.

Appellant contends that the evidence is insufficient to sustain his conviction because the State never proved that the car which was stolen from the complainant's car lot was the car which appellant was driving when he was arrested by the police. The complainant, John Rammer, testified that when he opened his car lot for business on the morning of Monday, June 23, 1975, he noticed that a 1969 Plymouth was missing. The car had been on the lot when Rammer closed at 6:00 p. m. on June 21, the previous Saturday. Rammer testified that he had the keys to the car over the weekend. Several days later the police called Rammer and told him they had recovered the car and for him to bring the ownership papers and pick the car up. Rammer noticed when he got the car back that part of the dash had been taken off, the ignition switch was missing, and "twenty or thirty" wires had been cut and some of them spliced together to hot wire the car.

Houston police officer C. M. Wells testified that on June 25, 1975, he saw appellant driving a white 1969 four door Plymouth, license plate number LEE 942. He stopped appellant, and when he looked inside the car he noticed that the wires underneath the dash had been pulled out. He also noticed a chisel and a large screwdriver on the rear

seat. Appellant was taken into custody and the car was towed to the police station to be impounded.

■ The evidence of the identity of the car in question was not developed nearly as well as it could, or should, have been. However, it has long been established that the corpus delicti can be proved by circumstantial evidence. *Smith v. Texas*, 329 F.2d 498 (5th Cir. 1964); *Williams v. State*, 156 Tex. Cr.R. 636, 245 S.W.2d 709 (1952); *Saulter v. State*, 151 Tex.Cr.R. 550, 209 S.W.2d 184 (1948); *Mills v. State*, 123 Tex.Cr.R. 395, 59 S.W.2d 147 (1933); *Willard v. State*, 27 Tex. App. 386, 11 S.W. 453 (1889). We also note that there was no controversy at trial concerning the identity of the vehicle recovered as the one which appellant was driving when he was arrested. See *Johnson v. State*, 160 Tex.Cr.R. 430, 271 S.W.2d 943 (1954). We hold the evidence sufficient to support the conviction. Cf. *Humphries v. State*, 163 Tex.Cr.R. 601, 295 S.W.2d 218 (1956).

■ Appellant next contends that Officer Wells did not have probable cause to arrest him. Appellant does not contend that any evidence seized incident to his arrest was admitted at trial. An arrest is not an evidentiary element of a conviction, and an unlawful arrest per se is not cause for reversal. *Johnson v. State*, 548 S.W.2d 700 (Tex.Cr.App.1977); *McDonald v. State*, 513 S.W.2d 44 (Tex.Cr.App.1974); *Stiggers v. State*, 506 S.W.2d 609 (Tex.Cr.App.1974); *Robinson v. State*, 502 S.W.2d 819 (Tex.Cr. App.1973). Nevertheless, we discuss appellant's contention.

Wells testified that an informer first pointed appellant out to him as appellant was leaving a convenience store in the 4700 block of Canal St. in Houston. The informer, who Wells testified was reliable and had always given "true and correct" information in the past concerning narcotics, told Wells that appellant was going to pick up some heroin. Wells followed appellant's car for a few blocks, and observed appellant and his companion leave the car and enter a telephone booth on the corner of Milby and Canal. While one of the men used the phone, the other was "feeling around" in the telephone booth, according to Wells. Wells testified that telephone booths in the area were commonly being used to hide heroin. Appellant left the telephone booth and was arrested at 900 Sampson. The information given by the previously reliable informer, combined with appellant's subsequent actions which corroborated the information, gave Wells probable cause to arrest appellant. See, e. g., *Houston v. State*, 506 S.W.2d 907 (Tex.Cr.App.1974); *Fries v. State*, 495 S.W.2d 909 (Tex.Cr.App.1973); *Mendoza v. State*, 492 S.W.2d 489 (Tex.Cr. App.1973); *Washington v. State*, 492 S.W.2d 473 (Tex.Cr.App.1973). Appellant's contention is overruled.

■ Appellant contends that he was denied the opportunity to present witnesses in his behalf. At trial appellant made known his desire to call a witness who was in a holdover cell near the courtroom. Appellant's attorney Rosch, however, informed the trial judge that he had already interviewed the witness, the witness had nothing to offer on the issues raised by the case, and it would be "detrimental" to appellant's defense to call the witness. Rosch refused to call the witness. The record does not suggest what the witness' testimony would have been, and in the absence of such information we cannot say that the failure to have the witness testify was error. Moreover, we refuse to second-guess defense counsel's judgment and trial strategy in failing to call the witness. This contention is overruled.

■ Appellant complains of the prosecutor's reference during jury argument to appellant's failure to call as a witness the man who was with appellant when appellant was arrested. Contrary to appellant's assertion, this was not a comment on the appellant's failure to testify, but a comment on his failure to call a witness in his defense who, the record shows, was available to testify. This was a legitimate argument on the part of the State. See *Beal v. State*, 520 S.W.2d 907 (Tex.Cr.App.1975); *Garcia v. State*, 513 S.W.2d 559 (Tex.Cr.App.1974); *Nowlin v. State*, 507 S.W.2d 534 (Tex.Cr.App.1974).

Appellant complains of other comments made by the prosecutor during argument, but no objection was made to one of the comments, and the other comment was a proper plea for law enforcement. No error is shown.

Appellant raises three other grounds of error which we have reviewed, and which we conclude are wholly without merit and do not necessitate discussion.

The judgment is affirmed.