Joe Louis CHASE, Appellant,

v.

STATE of Texas, Appellee.

No. 13–85–326–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 20, 1986.

Wm. F. McQuillan, San Antonio, for appellant.

Margaret M. Embry, Asst. Dist. Atty., San Antonio, for appellee.

Before NYE, C.J., and BENAVIDES, and KENNEDY, JJ.

## OPINION

BENAVIDES, Justice.

In a trial before the court, appellant was convicted of selling a controlled substance, to-wit, hydromorphone, to an undercover narcotics officer, and sentenced to eight years confinement in the Texas Department of Corrections.

Appellant brings three grounds of error claiming: (1) the trial court erred in refusing to dismiss appellant's court-appointed counsel; (2) the trial court erred in overruling appellant's motion to suppress the out-of-court photographic identification; and (3) the evidence was insufficient to warrant conviction.

San Antonio Police Officer Douglas Cortinovis testified at trial that on the afternoon of December 8, 1983, he was working undercover for the Police Department's narcotics bureau when appellant flagged him down. Cortinovis told appellant that he was looking for a "D" and appellant drove with Cortinovis to 407 Blain Street. Appellant entered the residence and returned a few minutes later with a pill which he sold to the officer for forty dollars. Appellant told Cortinovis that his name was Joe and gave him a phone number where he could be reached. Cortinovis met with two narcotics detectives, Jack Wright and John Hester, approximately twenty minutes later, and gave them the pill, a description of appellant, and the phone number appellant had written. Cortinovis prepared a written report of the incident, and two days later identified appellant in a photographic lineup.

James Bousser, chemist for the Bexar County Regional Crime Lab, identified the content of the pill which Cortinovis purchased from appellant as containing four milligrams of hydromorphone, with the street name "Dilaudid," or "D."

Before trial, appellant plead indigency and was appointed counsel. At a pre-trial hearing one month before trial, appellant moved to discharge his appointed counsel, claiming his attorney was mishandling his case, had caused a strain on his marital

relationship, and had failed to get appellant the bond reduction he requested. Appellant's attorney stated that he felt that "as long as Mr. Chase and I communicate as badly as we have, as far as that continues, that I am unable to render him significant or effective legal counsel." The trial judge then explained to appellant the reason the court had not granted his bond reduction in the amount requested, that it was not the court's job to get appellant an attorney he likes, or to make their relationship a happy one, but to see that appellant has a competent lawyer representing him. The trial judge admonished appellant and his attorney to talk things out, and appellant stated that all he wanted was for his attorney to represent him "in the right way." The day before trial, counsel for appellant filed a motion to withdraw, which was denied. Based on these events, appellant asserts that the trial court abused its discretion in refusing to dismiss appellant's appointed counsel. We disagree.

■ The Court of Criminal Appeals has repeatedly stated that a trial judge is under no duty to search until he finds an attorney agreeable to the defendant. *Lyles v. State*, 582 S.W.2d 138 (Tex.Crim.App.1979); *Webb v. State*, 533 S.W.2d 780 (Tex.Crim.App. 1976); *Gonzales v. State*, 532 S.W.2d 343 (Tex.Crim.App.1976). Once the court has appointed an attorney to represent the indigent defendant, the defendant has been accorded the protections provided under the Sixth and Fourteenth Amendments and TEX.CODE CRIM.PROC.ANN. art. 26.04 (Vernon 1983), and the defendant then carries the burden of proving he is entitled to a change of counsel. *Webb*, 533 S.W.2d at 784.

■ A thorough examination of the record reveals that appellant's court-appointed counsel provided appellant with a competent and vigorous defense. Appellant's attorney actively participated in the trial by cross-examining witnesses, calling witnesses on appellant's behalf, and objecting properly. *See Malcom v. State*, 628 S.W.2d 790, 792 (Tex.Crim.App.1982). Counsel's failure to timely file motions for an in-court lineup and to suppress the in-court identification of appellant, as well as counsel's failure to properly object to the photographic lineup identification during trial, did not deny appellant effective assistance of counsel. The constitutional right to counsel does not mean errorless counsel whose competency or accuracy of representation is to be judged by hindsight. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim.App.1984); *Prior v. State*, 540 S.W.2d 723 (Tex.Crim.App.1976). The trial court did not abuse its discretion in refusing to dismiss appellant's court-appointed attorney upon appellant's request, or upon the request of his attorney. *See Vigas v. State*, 508 S.W.2d 76 (Tex.Crim.App.1974). Appellant's first ground of error is overruled.

■ In his second ground of error, appellant claims that the trial court erred in overruling his motion to suppress the out-of-court photographic identification. Appellant's contention that the out-of-court photographic lineup "tainted" the in-court identification, however, must be rejected.

■ Officer Cortinovis identified appellant's photograph from a photographic lineup of five individuals compiled by Detective Wright. He testified at trial that there was no suggestion or indication by Detective Wright as to any one of the photographs he should pick. Appellant argues that his photograph was of the poorest quality, lacked clarity, and that the subjects' features in the other photos were much more recognizable. We find nothing in the record to indicate that the photographic lineup was impermissibly suggestive or that it in any way influenced the positive in-court identification by Officers Cortinovis and Wright. *See Doescher v. State*, 578 S.W.2d 385, 387 (Tex.Crim.App. 1978); *White v. State*, 496 S.W.2d 642, 647 (Tex.Crim.App.1973). Moreover, the law is well-established that even an improper, suggestive pre-trial identification can be cured by an in-court identification, as long as the record reflects a proper observation of the accused sufficient to serve as an independent origin for the in-court identifi-

**720**

cation. *Clay v. State*, 518 S.W.2d 550 (Tex. Crim.App.1975). Unless the trial judge finds as a matter of law that the picture spread was impermissibly suggestive and that there was a likelihood of irreparable misidentification, the in-court identification is properly admitted. *Taylor v. State*, 474 S.W.2d 207 (Tex.Crim.App.1972); *Evans v. State*, 643 S.W.2d 157, 159 (Tex.App.—Austin 1982, no pet.). Appellant's second ground of error is overruled.

Finally, appellant claims the evidence was insufficient to warrant conviction. In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

Appellant's defense was based primarily on his brother's testimony. Kenneth Chase testified that *he* made contact with Officer Cortinovis, told Cortinovis that he had a "D," and sold him a birth control pill. Testimony by the State's witnesses, however, indicated that the pill which Cortinovis purchased was not a birth control pill, was identified as a "D," was tested by an experienced chemist, and was found to contain hydromorphone. In addition, Cortinovis identified appellant by photograph and in court as the individual who sold him the controlled substance.

Although appellant's brother attempted to convince the trial judge that appellant had been indicted by misidentification, the trial judge is the exclusive judge of the credibility of the witnesses, and may accept or reject any part or all of the testimony. *DeBolt v. State*, 604 S.W.2d 164 (Tex.Crim.App.1980). We find that the evidence was sufficient to support appellant's conviction. Appellant's third ground of error is overruled.

The judgment of the trial court is AFFIRMED.