IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-365-CR





MICHAEL KEVIN MANOR,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0932645, HONORABLE TOM BLACKWELL, JUDGE PRESIDING



 





 Michael Kevin Manor appeals from a trial-court judgment, rendered on the jury's
verdict that found him guilty of intentionally and knowingly operating a motor-propelled vehicle,
owned by Curtis Markland, without Markland's effective consent. The court sentenced Manor
to thirty-two years imprisonment based on the jury's additional findings that Manor had been
previously convicted of at least two felonies. Manor appeals. We will affirm the judgment.



I.


 In his first point of error, Manor contends the evidence was insufficient to permit
a reasonable jury to conclude, beyond a reasonable doubt, that the automobile he operated in the
early morning hours of May 1, 1993, was the same automobile as that owned by Markland. We
shall review the evidence, all of which is undisputed.

 Officer Gibson testified that shortly after midnight on May 1, 1993, he engaged in
a high-speed chase of an automobile that ended when the automobile was "crashed" or "wrecked"
in a pile of construction materials in a residential area. He identified the automobile by the
following characteristics: It was a white Mustang with thirty-five miles on the odometer; it had
Alabama license plates wired to the body; the window on the driver's side was broken out; a pair
of vice grips were in the car; there was a dealer invoice on a passenger-side window but the name
of the dealer had been obliterated. Officer Gibson further testified as follows: After crashing or
wrecking the Mustang, the driver (identified as Manor) fled. Gibson questioned him a little later,
following Manor's arrest near the scene. He refused to answer Gibson's questions. A few hours
later, Gibson investigated two automobile-dealership locations. At the first, he found nothing
suspicious; at the second he found on the ground a quantity of broken safety glass, enough to
constitute a "windshield," and among the glass shards he found part of a broken pair of pliers. 
In his experience, Gibson testified, pliers were used to shatter windshields in order to gain
entrance to the automobile.

 Officer Miller testified he was on patrol in the same vicinity when he heard on his
automobile radio that Gibson was in pursuit of an automobile that had been reported stolen. 
Miller arrived at the crash scene; about a block from the scene he and another officer found
Manor crouched by a wooden fence at a residence. They arrested him.

 Markland testified he was sales manager for the second dealership identified by
Gibson. He was in bed at about 3:00 a.m. on May 1, 1993, when the sheriff's office called. The
caller reported "that one of [Markland's] cars had been taken and they want [him] to go out to the
place where it was towed to identify it." About 9:00 or 10:00 a.m., he went "to see the car" and
identified it as one belonging to his dealership. He made the identification by a stock number
marked on a piece of masking tape on the windshield. He further identified the automobile as a
white, 1993 Mustang-GT Hatchback.

 Dollie Day testified she was a laboratory technician employed by the sheriff's
department. One of her duties was fingerprinting. She testified that on May 3, 1993, she had
occasion to "process a 1993 white Ford Mustang for fingerprints." She found Manor's print on the front door on the passenger side of that automobile. She believed the automobile was at Aus-Tex Wrecker on Braker Lane.

 Manor insists that certain omissions in the foregoing testimony preclude a
reasonable conclusion, beyond a reasonable doubt, that the white Mustang automobile observed
by Gibson, having a broken-out window, a dealer's invoice, and thirty-five miles on the odometer,
was the same automobile that Markland described as a white, 1993 Mustang-GT Hatchback. For
example, Gibson noted a missing stereo radio on the car he identified while Markland did not
mention that fact in his testimony. Similarly, Markland did not mention the broken-out window
described by Gibson. Rather, he identified his automobile merely by examining a dealer stock
number on a piece of masking tape on the windshield, an identifying feature not mentioned by
Gibson. 

 We believe we must determine the issue based upon the entire body of evidence. 
The State was not obliged to prove identity of the automobile by direct evidence; it was permitted
to make such proof by circumstantial evidence. Lyles v. State, 582 S.W.2d 138, 143 (Tex. Crim.
App. 1979). We believe the jury could reasonably conclude that the white Mustang observed by
Gibson and fingerprinted by Day were the identical automobile. They could reasonably assume
that the chances were very remote that the sheriff's department would have simultaneous custody
of two white Mustang automobiles, both 1993 models and both intimately connected to Manor,
one by his fingerprint and the other by his operation during Gibson's pursuit. And the jury could
reasonably assume, therefore, that the chances were equally remote that the sheriff's department,
three hours after obtaining custody of the automobile driven by Manor, directed Markland to the
location of the wrong such Mustang; that is to say, an automobile belonging to Markland but one
that had no connection to Manor. Accordingly, we overrule the point of error.



II.


 In a second point of error, Manor contends he was deprived of a statutory right
when the trial court refused his request to make a second argument to the jury. He refers to
article 36.08 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 36.08
(1981). Article 36.08 provides that "[t]he court shall never restrict the argument in felony cases
to a number of addresses less than two on each side."

 With welcome candor, Manor's counsel concedes we are bound by the decisions
of the Court of Criminal Appeals that construe article 36.08 as vesting in the trial court discretion
to refuse requests for a second argument. Varela v. State, 561 S.W.2d 186, 192 (Tex. Crim.
App. 1978); Pryor v. State, 449 S.W.2d 482, 485 (Tex. Crim. App. 1969). Referring perhaps
to an abuse of discretion by the trial court, Manor speculates that a second argument to the jury
might have resulted in an acquittal because the evidence was insufficient as a matter of law to
convict--a reference to the matters discussed under the first point of error. We do not believe that
an abuse of discretion is shown. Accordingly, we overrule the point of error.

 Finding no error, we affirm the trial-court judgment.



 

 John Powers, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: June 1, 1994

Do Not Publish