

# Fourth Court of Appeals
## San Antonio, Texas

March 21, 2014

No. 04-13-00705-CR

Adam **AYALA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR1053
Honorable Philip A. Kazen, Jr., Judge Presiding

# O R D E R

Appellant has filed pro se a motion to dismiss his court-appointed attorney on appeal stating that counsel is not rendering effective assistance, resulting in an antagonistic relationship between appellant and counsel. In Texas, a defendant has no right to appointed counsel of choice. *See Malcom v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. 1982); *Lyles v. State*, 582 S.W.2d 138, 141 (Tex. Crim. App. 1979). The Court of Criminal Appeals has repeatedly stated that a court is under no duty to search until he finds an attorney agreeable to the defendant. *Webb v. State*, 533 S.W.2d 780 (Tex. Crim. App. 1976); *Gonzales v. State*, 532 S.W.2d 343 (Tex. Crim. App. 1976). Once the court has appointed an attorney to represent the indigent defendant, the defendant has been accorded the protections provided under the Sixth and Fourteenth Amendments and TEX. CODE CRIM. PROC. ANN. art. 26.04 (Vernon Supp. 2013), and the defendant then carries the burden of proving he is entitled to a change of counsel. *Webb*, 533 S.W.2d at 784; *see also Chase v. State*, 706 S.W.2d 717, 719 (Tex. App.—Corpus Christi 1986). Appellant has not met that burden and his request to dismiss counsel is denied.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of March, 2014.

_____
Keith E. Hottle
Clerk of Court