

# Fourth Court of Appeals
## San Antonio, Texas

June 3, 2016

No. 04-16-00227-CR

Allen John **MURRAY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR5283
Honorable Ray Olivarri, Judge Presiding

# O R D E R

On April 4, 2016, the trial court appointed James C. Oltersdorf to represent appellant in this appeal. On May 18, 2016, the clerk's record was filed. On May 24, 2016, seven volumes of the reporter's record were filed. On June 2, 2016, the court reporter filed a notification of late record asking for a thirty-day extension of time to file the reporter's record. The extension was granted. The remainder of the reporter's record is therefore due on June 26, 2016.

On June 2, 2016, appellant filed three pro se motions: (1) a motion to dismiss his court-appointed counsel; (2) a motion to appoint another appellate counsel; and (3) a motion asking this court to direct the court reporter to prepare the reporter's record and provide him a copy.

Appellant has filed a pro se motion to dismiss his court-appointed attorney on appeal stating only that he has lost faith in and does not trust his advice. In Texas, a defendant has no right to appointed counsel of choice. *See Malcom v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. 1982); *Lyles v. State*, 582 S.W.2d 138, 141 (Tex. Crim. App. 1979). The court of criminal appeals has repeatedly stated that a court is under no duty to search until it finds an attorney agreeable to the defendant. *Id.*; *Gonzales v. State*, 532 S.W.2d 343 (Tex. Crim. App.1976). Once the court has appointed an attorney to represent the indigent defendant, the defendant has been accorded the protections provided under the Sixth and Fourteenth Amendments to the United States Constitution and article 26.04 of the Texas Code of Criminal Procedure. *Chase v. State*, 706 S.W.2d 717, 719 (Tex. App.—Corpus Christi 1986, no pet.). The defendant then carries the burden of proving he is entitled to a change of counsel. *Id*. Here, appellant has not met that burden. Appellant's pro se motion to dismiss his court-appointed counsel and pro se motion to appoint another appellate counsel are therefore DENIED.

As stated above, the reporter's record is already being prepared and appellant is represented by court-appointed counsel who has access to the reporter's record. Appellant's pro se motion asking this court to direct the court reporter to prepare the reporter's record and provide him a copy of the reporter's record is therefore DENIED AS MOOT.

_____
Karen Angelini, Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 3rd day of June, 2016.

_____
Keith E. Hottle
Clerk of Court

